## Lehigh & Wilkes-Barre Coal Co., Appellant, *v*. Riley.

Argued April 16, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*J. H. Oliver,* with him *Gilbert S. McClintock, Evan C. Jones, Edgar Downey* and *Wesley K. Woodbury,* for appellant.—A tax collector of a borough has no authority and power to distrain on the personal property of a corporation for unpaid county, poor, borough and school district taxes under section 21 of the Act of 1834, P. L. 509.

In statutes relating to taxation, the word "person" does not include an artificial person or corporation: School Directors v. Bank, 8 Watts 289; Savings Fund v. Yard, 9 Pa. 359; Fox's App., 112 Pa. 337; Keator v. Co., 292 Pa. 269.

The Act of 1834 is a tax statute. In determining the extent of the power granted thereby a strict construction must be given to the language used, which cannot be extended by implication, for all doubts are to be resolved in favor of the taxpayer: Com. v. P. R. T., 287 Pa. 190; Louderback v. Warner, 37 Pa. Superior Ct. 136; Gilberton Boro. School Dist. v. Morris, 290 Pa. 7.

*John H. Dando,* for appellee.—When the word "person" is used in a statute, corporations as well as individuals are included: Bushel v. Ins. Co., 15 S. & R. 173; Santa Clara Co. v. R. R., 118 U. S. 394; Blake v. McClung, 172 U. S. 239.

OPINION BY MR. JUSTICE KEPHART, September 30, 1929:

While the appeal of the Lehigh–Wilkes-Barre Coal Co., from the triennial assessment, was pending in the court of common pleas, a tax, based on the assessment, had been levied and the amount due therefrom remained unpaid. The tax collector of Sugar Notch Borough distrained appellant's personal property in the sum of $26,551.80, for county, poor, borough and school taxes, and threatened to advertise it for sale; whereupon injunction proceedings were brought in the court below to restrain the officer from selling the goods under the

levy. The court below held that section 21 of the Act of April 15, 1834, P. L. 509, under which distraint was made, authorized the collector to seize and sell the personal property of a corporation for taxes due; the injunction was therefore dismissed; hence this appeal.

Two questions are raised; first, that the Act of March 24, 1905, P. L. 47, under which the assessment was made, was unconstitutional as local and special legislation, and, second, that there was no authority for the tax collector to distrain for unpaid taxes against the personal property of a corporation. We will consider only the last question on this appeal.

The authority invoked by the tax collector is section 21 of the Act of 1834, which provides: "If any person shall neglect or refuse to make payment of the amount due by him for such tax within 30 days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent, giving ten days public notice of such sale by written or printed advertisements, and in case goods and chattels sufficient to satisfy the same with the costs cannot be found such collector shall be authorized to take the body of such delinquent, and convey him to the jail of the proper county there to remain until the amount of such tax together with the costs shall be paid or secured to be paid, or until he shall be otherwise discharged by due course of law." Appellant contends this section does not embrace artificial persons such as corporations.

The word "person," when used in a statute, is ordinarily sufficiently comprehensive to include corporations, but in revenue acts they are not to be included unless such intent is clearly indicated. This comes from the fact that corporations, with reference to certain taxes for state purposes, are specially treated by the legislature, and, if "persons" included corporations, they may be liable to the county, under legislation applying to persons, for the same tax: See Appeal of Fox

and Wife, 112 Pa. 337. The Act of 1834 is the statute which gives to the counties authority to make such assessments, and no question is here raised as to their power to assess the physical property of certain corporations for taxes under this statute. That has been done continuously and it would be rather late to dispute the right now. The sole question is the construction of section 21 under which distraint was made.

In construing a statute, or one of its sections, the terms are to be taken and understood according to their ordinary and usual significance, that is, what is generally understood as applied to the purpose or object to be accomplished by the statute. Section 21 of the Act of 1834, providing for the collection of taxes if not paid within 30 days, states: "If any person shall refuse to make payment......it shall be the duty of the collector to levy......and to sell the goods and chattels of such delinquent......and in case there is not sufficient to satisfy the same......such collector shall......take the body of such delinquent and convey him to jail." This can refer to none but natural persons and cannot refer to artificial bodies such as corporations. Moreover, as evidencing that the legislature intended to exclude corporations, the latter were not common when the act was passed, and were created by special act. It was not until 1874 that they became common. Prior to that they were favored by the legislature. The remedy provided is an entire one; if tax money due cannot be made by sale, then the body of such delinquent may be imprisoned,—the final step in a procedure of, first levy, then sale, and then imprisonment. The construction here made is emphasized when section 45 of that act is considered. It reads: "Provided, that nothing herein contained shall authorize the arrest or imprisonment for nonpayment of any tax of any female or infant, or person found by inquisition to be of unsound mind." The class of natural persons is limited by this section. Words in a statute similar to the one now before the

court were considered in School Directors v. Carlisle Bank, 8 Watts 289; commented on in Phila. Saving Fund Society v. Yard, 9 Pa. 359, 361; Appeal of Fox and Wife, supra. We had occasion to refer to the Act of 1834, P. L. 514, section 21, in Keator v. Lackawanna County, 292 Pa. 269. We there stated, in illustration of another point, that distress was not an incident in collecting taxes due from corporations. Attention is here called to the Act of May 4, 1927, P. L. 712, amending the prior act. By it, failure to collect by distress and sale does not invalidate any return of taxes. The personal property of a corporation cannot be distrained for taxes under section 21 of the Act of 1834 and the court below was in error in holding that it could.

The decree of the court below is reversed, the bill is reinstated, and the court below is directed to issue the injunction prayed for. Costs to be paid by appellee.