Warren Borough *v.* Willey, Appellant.

Argued April 12, 1948. Before Maxey, C. J., Drew, Linn, Patterson, Stearne and Jones, JJ.

*George I. Puhak,* with him *C. Henry Nicholson,* for appellant.

*Sidney D. Blackman,* for appellee.

Opinion by Mr. Justice Linn, April 22, 1948:

The plaintiff borough applied for a declaratory judgment determining whether or not the Civil Service Act of June 1, 1945, P. L. 1232, 53 PS 355.1, applied to a fireman employed by the borough before the Act was passed: compare *Bragdon v. Ries,* 346 Pa. 10, 29 A. 2d 40. The defendant had been a member of the borough's Fire Department when, on February 5, 1945, the borough council elected him to be Second Fire Captain for one year. He served in that position until February 5, 1946,

when he was demoted without reference to the Civil Service Act [1] passed during the year of his employment.

Section 20 of the Act deals with removals, and section 21 provides procedure for the purpose. Section 22 provides: "Present Employes Exempted.—All appointments as fire apparatus operators of municipalities upon the effective date of this act shall continue to hold their positions and shall not be required to take any examination under the provisions of this act, except such as may be required for promotion: Provided, however, That this section shall not be construed to apply to persons employed temporarily in emergency cases."

Defendant was reduced in rank from Second Fire Captain to Driver, at wages $21.00 a month less than what he received as Second Fire Captain. He complained to the Civil Service Commission against the action of the borough, as authorized by section 21 of the Act. The commission sustained his complaint. In its certificate dated November 8, 1946, the commission stated: "The unanimous opinion of the members of the Commission is that Hartwell Willey was demoted without a proper hearing as provided for by section 1 (a)" of the Act of June 1, 1945. The reference to the statute is to the following provision: "No person shall hereinafter (sic) be suspended, removed or reduced in rank as a paid operator of fire apparatus of any municipality, except in accordance with the provisions of this act."

The borough's right to a declaratory judgment was asserted on the ground that the Civil Service Act of June 1, 1945, was unconstitutional if construed to apply

---

[1] The title is as follows: "An Act Providing for and regulating the appointment, promotion and reduction in rank, suspension and removal of paid operators of fire apparatus in boroughs, incorporated towns and townships of the first class; creating a civil service commission in each borough, incorporated town and township of the first class; defining the duties of such civil service commission; imposing certain duties and expenses on boroughs, incorporated towns and townships of the first class; imposing penalties; and repealing inconsistent laws."

to the borough's existing employment contract with the defendant; that, accordingly, the Civil Service Commission had no power to consider defendant's complaint against his demotion and reach the conclusion announced. After hearing the parties and their evidence, the court made an order declaring that defendant's right to the position terminated on the election of his successor by the borough council and that defendant had been lawfully demoted.

The record contains a resolution of borough council fixing salaries of "the following named officers and employes of the borough" which included the police department, fire department, street department, etc. The employes of the Fire Department are obviously not public officers but borough employes: *Commonwealth v. Black,* 201 Pa. 433, 50 A. 1008. The borough is an agent of the state. The power of the state over its municipal subdivisions is comprehensive and well settled: *Com. v. Moir,* 199 Pa. 534, 541, 49 A. 351. The borough's relations with its employes are therefore subject to state regulation and such regulation may take the form popularly known as civil service regulation: *Truitt v. Philadelphia,* 221 Pa. 331, 338, 70 A. 757. The legislature had the power to make the regulation effective without regard to and in spite of the local regulations of any borough. In section 22 fire apparatus operators then employed were exempted from taking the examinations provided by the Act "except such as may be required for promotion." The Act provided fo rthe removal of employes, as has been stated. As the borough's fire department was subject to regulation by the state, by general laws, the Act of June 1, 1945, necessarily superseded any existing rule or regulation established by the borough inconsistent with the statute. The learned court was therefore in error in holding that the borough council could demote the defendant from the position of Second Fire Captain without complying with the statute.

The order appealed from is reversed, costs to be paid by the plaintiff in the proceeding.