BOROUGH OF JAMESBURG, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT, v. HARRY L. HUBBS, DEFENDANT-RESPONDENT.

Argued March 12, 1951—Decided April 9, 1951.

*Mr. Guido J. Brigiani* argued the cause for the plaintiff-appellant.

*Mr. Morris Spritzer* argued the cause for the defendant-respondent. *Mr. Joseph H. Edgar* on the brief. *Mr. David M. Kaplan,* attorney.

The opinion of the court was delivered by

BURLING, J.  The instant appeal was taken by the plaintiff, Borough of Jamesburg, to the Appellate Division of the Superior Court to review a judgment of the Superior Court, Law Division, Middlesex County, and while pending there the appeal was certified here on our own motion.  The judgment dismissed a complaint wherein plaintiff sought review in an action in lieu of *certiorari* of an order of the County Court of Middlesex County denying a motion to dismiss the appeal to that court.  The motion asserted a lack of jurisdiction.  An appeal had been taken to the County Court from a determination of the Jamesburg Borough Council which had resulted in dismissal of the defendant, Harry L. Hubbs, from the police department of the borough.

Defendant was a police officer of the plaintiff which did not and does not now function under the provisions of the Civil Service Act (*R. S.* 11:19–1 *et seq.*).  On April 5, 1950, the mayor and council of the borough by resolution promulgated a schedule prescribing hours of duty for the police department.  On June 5, 1950, the chairman of the police committee of the plaintiff preferred written charges against the defendant.  Hearings on these charges were held by mayor and council.  One charge was withdrawn but the defendant was found guilty on July 10, 1950, of the remaining charges, essentially as follows: (1) defendant violated *R. S.* 40:47–3 in that he absented himself from duty without just cause and without leave of absence for a period exceeding five days; (2) that defendant had wilfully refused to report for duty since May 23, 1950, although requested so to report by his superior; (3) that defendant had failed to comply with the schedule of

hours of the police department adopted by the resolution of April 5, 1950, by not reporting for duty in accordance therewith; and (4) that defendant wilfully refused and neglected to attend a police committee meeting on April 19, 1950, although he had been duly notified of the time and place of that meeting. As a result of this determination defendant, by resolution of the mayor and council adopted at a meeting held on July 12, 1950, was "dismissed as a police officer or otherwise of the Borough of Jamesburg." Defendant then instituted an appeal pursuant to *R. S.* 40:47–10 as amended by *L.* 1938, *c.* 298, *p.* 691, *sec.* 1 (*N. J. S. A.* 40:47–10) to the Middlesex County Court. That court by order set the case for hearing on September 15, 1950, but prior to that date the plaintiff moved the County Court to dismiss the appeal on the ground said court had no jurisdiction under *R. S.* 40:47–10 as amended by *L.* 1938, *c.* 298, *p.* 691 *sec.* 1 (*N. J. S. A.* 40:47–10) by virtue of the fact that defendant's conviction was not for violation of rules or regulations of the police department but for violation of a state statute, *viz. R. S.* 40:47–3, as amended by *L.* 1945, *c.* 218, *p.* 723, *sec.* 1 (*N. J. S. A.* 40:47–3), and therefore review should have been sought by an action in lieu of *certiorari* in the Law Division of the Superior Court or by appeal to the Appellate Division of the Superior Court. The motion was dismissed. Plaintiff then filed its complaint in an action in lieu of *certiorari* in the Law Division of the Superior Court, seeking thereby to obtain an order setting aside the action of the County Court and declaring the latter had no jurisdiction. On defendant's subsequent motion for summary judgment, the Law Division declared that it had no jurisdiction in view of *Rule* 3:81–7 and entered judgment in favor of the defendant on the pleadings. Plaintiff thereupon instituted this appeal.

■ The primary issue involved, as it is the ruling of the Superior Court, Law Division, here appealed from, is whether review of a statutory proceeding in a County Court is to be had in an action in lieu of *certiorari* in the Law Division of the Superior Court or by appeal to the Appellate Division of the

Superior Court. The latter is the proper procedure and is stated in Rule 3:81–7 which provides:

"3:81–7. Appeals from Courts.

Review of statutory proceedings in the Superior Court and the County Courts, and proceedings before inferior courts of limited jurisdiction created pursuant to Article VI, Section 1 of the Constitution, shall be by appeal to the Appellate Division. Such appeal shall be taken and shall proceed in the same manner as appeals from the Trial Divisions to the Appellate Division."

It is obvious that there was a proceeding in the County Court; the contrary view is opposed to reason. "The term 'proceeding' is a very comprehensive term, and, generally speaking, means a prescribed course of action for enforcing a legal right, and hence it necessarily embraces the requisite steps by which judicial action is invoked." *Words and Phrases* (*Perm. ed.*), *vol.* 34, *p.* 83. This proceeding was a "statutory proceeding." *City of Plainfield v. McGrath,* 117 *N. J. L.* 348, 350 (*Sup. Ct.* 1936). The statutory power was conferred upon the court of common pleas by *R. S.* 40:47–10, as amended by *L. 1938, c.* 298, *p.* 691, *sec.* 1 (*N. J. S. A.* 40:47–10), which provides:

"Any member of any police department or fire department in any municipality in this State not operating under the provisions of subtitle three of the Title Civil Service (11:19–1 *et seq.*) who has been convicted of any violation of any of the rules or regulations of such departments by the official or board empowered to try members of such police department or fire department in such municipality, may appeal such conviction to the court of common pleas of the county in which such municipality is situated. * * *"

The jurisdiction formerly obtaining in that court was' conferred upon the County Court by *Art. VI, Sec. IV, par.* 1 of our Constitution. The Constitution further provides in *Art. VI, Sec. V, par.* 2, that "appeals may be taken to the Appellate Division of the Superior Court from * * * the County Courts * * *," and in *Art. VI, Sec. III, par.* 3, that both the Law Division and the Appellate Division of the Superior Court shall "* * * hear such causes, as may be provided by rules of

the Supreme Court." In addition the Constitution prescribes in *Art. VI, Sec. V, par.* 4 as follows:

"4. Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary."

In *Rule* 3:81–7, *supra,* this court has invoked the constitutional powers above enumerated and has provided that review of a statutory proceeding in the County Court formerly available by the means of the prerogative writ of *certiorari* in the old Supreme Court shall now be had in the manner of an appeal to the Appellate Division, rather than in an action in lieu of *certiorari* in the Law Division of the Superior Court.

Further, on the merits of the jurisdiction of the County Court, the plaintiff contends that the County Court was without jurisdiction because (1) defendant's conviction was for violation of a statute and not rules and regulations of the police department, and therefore *R. S.* 40:47–10 as amended, *supra,* does not apply, and (2) the mayor and council were acting as a legislative agent or an inferior court of limited jurisdiction in the hearing of the charges preferred against the defendant and therefore review of defendant's conviction should have been had by means of action in lieu of *certiorari* to the Law Division of the Superior Court or by means of a direct appeal to the Appellate Division of the Superior Court. The major charge was absence without just cause and without leave for a period exceeding five days, contrary to the provisions of *R. S.* 40:47–3 (as amended by *L.* 1945, *c.* 218, *p.* 723, *sec.* 1), the pertinent portion of which reads as follows:

"Any member or officer of any such police department and force * * * who shall be absent from duty without just cause for a term of five days continuously, and without leave of absence, shall, at the expiration of such five days, cease to be a member of such police department and force * * *."

The remaining charges were wilful refusal to report for duty after his superior's request to report; refusal to obey and comply with a schedule of hours duly adopted by the mayor and council for the police department; and wilful refusal to attend a specified police committee meeting of which he had notice. The statutory prohibition against absence without leave of which defendant was convicted is deemed a rule or regulation of the police department within the purview of R. S. 40:47-10, as amended by L. 1938, c. 298, p. 691, sec. 1, supra. An exercise of police powers by a municipality must be in conformity with state statutes on the subject, Jersey City v. Martin, 126 N. J. L. 353, 361 (E. & A. 1941); McQuillin, Municipal Corporations (3rd ed.), vol. 2, sec. 4.107; Burgess and Town Council v. Willey, 359 Pa. 144, 58 A. 2d 454, 455 (Sup. Ct. Pa. 1948); State v. Morris, 155 N. E. 198, 202 (Sup. Ct. Ind. 1927); State v. Houston, 138 Ohio St. 203, 34 N. E. 2d 219, 224 (Sup. Ct. Ohio 1941). The Legislature clearly desired to regulate the performance of duty by police officers throughout the State by the provision relating to absence without leave. This was a matter in which the welfare of the people of the State as a whole was involved. The Legislature also recognized the fact that the provision was a regulation of the internal affairs of the respective police departments within the State. For proper discipline it was necessary to authorize enforcement of that regulation by the municipal authority exercising control over police activity. Regulation of internal affairs of municipalities may be effected by general laws enacted by the Legislature. N. J. Const. Art. IV, Sec. VII, par. 9. Cf. Westervelt v. Mayor and Council, Tenafly, 4 N. J. Misc. R. 579 (Sup. Ct. 1926). Further as to the remaining charges, with one exception, neither the rules and regulations nor the manner of adoption thereof, upon which the remaining charges were based, are before us, nor were they submitted to the court below. The exception is the schedule of hours mentioned. This schedule was adopted by resolution and not by ordinance. Neither party has questioned its validity based on its origin in this proceeding and we do not pass

upon this question. The schedule of hours was a "rule or regulation" of the police department, controlling the performance of duties. "Regulate" means "to fix, establish or control; to adjust by rule, method, or established mode; to direct by rule or restriction; to subject to governing principles or laws * * *." *Black's Law Dict.* (3rd ed. 1933) *p.* 1519. As we have stated, the proper tribunal before which to test the sufficiency of the conviction of defendant is the County Court upon the appeal to that court by defendant from the determination of the mayor and council.

The second point, namely that the borough council in hearing the charges against the defendant acted as either a legislative agent or an inferior court, likewise is not convincing. This was a *quasi*-judicial function exercised by an administrative agency. *Handlon v. Town of Belleville,* 4 *N. J.* 99, 105 (1950); *Mulhearn v. Federal Shipbuilding and Dry Dock Co.,* 2 *N. J.* 356, 362, 366 (1949); *McAlpine v. Garfield Water Commission,* 135 *N. J. L.* 497, 500 (*E. & A.* 1947).

The statutory method for review of the action of the borough council provided by *R. S.* 40:47–10 as amended by *L.* 1938, *c.* 298, *p.* 691, *sec.* 1, *supra,* has not been abrogated by statute nor by rule of this court. See *Rule* 3:81–14.

For the reasons above stated the judgment appealed from is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.