29 N.J. Super. 172 (1953)
102 A.2d 77
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
JULIA TIENE, STEPHEN HEALY, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1953.
Decided December 30, 1953.
*173 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Mortimer Neuman argued the cause for appellant (Mr. John B. Graf, attorney).
Mr. Murray Greiman argued the cause for respondents.
The opinion of the court was delivered by EWART, J.A.D.
The City of Jersey City, by this action instituted in the Law Division of the Superior Court in lieu of the former practice by means of the prerogative writ of certiorari, seeks to review the legality of a certain order made by Judge Proctor on April 2, 1953 directing a summary investigation into the city's affairs pursuant to the provisions of the statute, R.S. 40:6-1 et seq., and of certain supplemental orders subsequently entered in the cause denying the city's application for a rehearing and for a stay pending appeal; appointing Samuel A. Larner, Esquire, the expert to prosecute the investigation; directing the city officials to make available to the expert and his accountants all financial and legal records and documents of the city for the years 1949 to 1953, both inclusive; and designating Fredrick J. Waltzinger, Esquire, and Joseph M. Nolan, Esquire, as attorneys authorized to appear for defendants on any application by the city for a stay of any order or *174 judgment entered in the said proceedings and in connection with any appeal that might be taken by the city.
Based upon the provisions of R.R. 4:88-7 (formerly Rule 3:81-7), defendants gave plaintiff notice of an application for entry of a judgment in favor of defendants, and plaintiff served upon defendants notice of a motion for an order staying enforcement of the various orders theretofore entered in the proceeding directing a summary investigation into the city's affairs, and in support of its motion annexed to and served with the notice of motion numerous and rather voluminous affidavits controverting and attacking the charges contained in the affidavits originally filed by the defendants with Judge Proctor and upon the basis of which the order for summary investigation was made.
These motions were heard before Judge Joseph L. Smith, sitting in the Law Division of the Superior Court in which this suit was filed, and resulted in two orders, namely, (1) an order dated June 26, 1953 granting defendants' motion for judgment and (2) an order dated July 10, 1953 dismissing Haydn Proctor, assignment judge of the Superior Court in Hudson County, as a party defendant in the city's suit. The first of the two orders was based on the court's opinion "that the pleadings, affidavits and admissions on file in this action show palpably that there is no genuine issue as to any jurisdiction in this court for the filing of such a complaint, and that defendants have a right to such a judgment as a matter of law." The second of the said two orders recites that Judge Proctor was not either a necessary or proper party defendant in these proceedings.
From both of these two orders the city appeals.
At the outset it should be noted that upon the making of the order for a summary investigation into the city's affairs, the city appealed to the Appellate Division of the Superior Court and the Supreme Court certified the appeal on its own motion. In an opinion handed down November 9, 1953, 13 N.J. 478, the Supreme Court affirmed the order directing a summary investigation into the city's affairs and in its opinion dealt with and rejected the following contentions *175 made by the city, namely: (1) That the assignment judge was without jurisdiction over the application and that the power to act in the premises was vested solely in the Chief Justice of the Supreme Court; (2) that the trial court (Judge Proctor) committed error in refusing to conduct an inquiry into the extent of the actual knowledge of the applicants for the summary investigation; (3) that Judge Proctor erred in failing to conduct an inquiry into the charges made by the city of fraud and connivance in the recruiting for political purposes of the taxpayer applicants for the investigation; (4) that the assignment judge erred in declining to make a preliminary inquiry into the manner of the execution of the affidavits by the 49 applicants for the investigation; (5) that the court should have made findings of fact before making the order for summary investigation, and (6) that the assignment judge should have required the applicants for the investigation to furnish a larger bond to cover the expenses of the investigation than the bond for $10,000 he did in fact require.
On this appeal the city argues the following points:
1. That a review of the order made by the assignment judge for a summary investigation, and the supplemental orders above mentioned, should be permitted in this suit in lieu of the prerogative writ of certiorari in the Law Division of this court under R.R. 4:88-2 (formerly Rule 3:81-2).
2. That Judge Proctor was a necessary and proper party defendant in this suit and should not have been dismissed as a party defendant.
3. That a summary judgment in favor of defendants was erroneous in the circumstances here present, and
4. That the city was entitled to ad interim relief and that such relief should be granted nunc pro tunc by this court.
In the first place, it would seem beyond dispute that the assignment judge sat as a statutory agent under the provisions of the statute, R.S. 40:6-1 et seq., in having considered the application for a summary investigation into the city's affairs and in having made an order for the same. Cf. Bergen County Sewer Authority v. Borough of Little *176 Ferry, 5 N.J. 548 (1950); Borough of Jamesburg v. Hubbs, 6 N.J. 578 (1951). It is to be noted, however, that the first of these two decisions was rendered prior to the amendment on November 3, 1952 of Rule 3:81-7 (now R.R. 4:88-7).
Secondly, R.R. 4:88-7 (formerly Rule 3:81-7, as amended November 3, 1952 and prior to the institution of this suit), specifically provides that review of proceedings before judges of the Superior Court sitting as statutory agents shall be in the Appellate Division and that proceedings for such review shall be taken and shall proceed in the same manner as appeals from the trial divisions to the Appellate Division. R.R. 2:2-1(f) confirms the procedure outlined in R.R. 4:88-7. In Borough of Jamesburg v. Hubbs, supra, the Supreme Court held unanimously that a statutory proceeding before a county judge could not be reviewed by a suit in the Superior Court in lieu of the former writ of certiorari and that the proper method by which to test the propriety of an order of the County Court entered in such statutory proceeding was by an appeal to the Appellate Division of the Superior Court, citing Rule 3:81-7 (now R.R. 4:88-7).
The Supreme Court has already affirmed the order made by the assignment judge directing the summary investigation into the city's affairs, The propriety of that order is no longer open to question.
Plaintiff seeks to escape the restrictions of R.R. 4:88-7 (formerly Rule 3:81-7) by urging that only by its suit in the Law Division in lieu of the former prerogative writ of certiorari, under R.R. 4:88-2 (formerly Rule 3:81-2), can it secure a full review of the factual basis for the original order directing summary investigation, and of the supplemental orders above mentioned, and that such a review is not available in the Appellate Division on appeal under R.R. 4:88-7; and further the city contends that with respect to the supplemental or interlocutory orders above mentioned, an appeal to the Appellate Division would have to meet the requirements of R.R. 2:2-3 (formerly Rule 4:2-2) *177 and that the only provision of the rule last mentioned available to it is subdivision (a) (4), and that any relief under that subdivision of the rule is unlikely because the Appellate Division has already twice denied a stay pending appeal. In this situation the plaintiff city seeks to justify its resort to this suit in lieu of the prerogative writ of certiorari under the provisions of R.R. 4:88-2 (formerly Rule 3:81-2) because, it claims, there is no other way of reviewing the supplemental or interlocutory orders. However, to sustain plaintiff's position, we would have to ignore or overrule the plain language of R.R. 4:88-7 and of R.R. 4:88-2, and this we have no right to do.
Plaintiff further relies upon the decision in Baldwin Construction Co. v. Essex County Board of Taxation, 27 N.J. Super. 240 (App. Div. 1953), in which it was held under the facts of that particular case that a suit in the Law Division in lieu of the former prerogative writ of certiorari might be maintained against the Essex County Board of Taxation, rather than by appeal to the Appellate Division under R.R. 4:88-8, because while the board of taxation might be classified for most purposes as an agency of the State, yet in proceedings relating to an administrative body such as the county board of taxation with authority confined to a single locality, the suit might properly be brought in the Law Division. Suffice it to say that in view of the plain provisions of R.R. 4:88-7 and the decision of the Supreme Court in Borough of Jamesburg v. Hubbs, supra, we do not regard the decision in the Baldwin Construction Company case as affording support for the plaintiff's contention in the case at bar.
The views expressed above lead to the conclusion that the judgment below in favor of the defendants and against the plaintiff must be sustained. That holding makes it unnecessary to consider whether or not Judge Proctor was properly dismissed as an unnecessary and improper party to the suit.
Appeal dismissed and judgment affirmed.