40 N.J. Super. 203 (1956)
122 A.2d 664
DAISY C. LEWIS, PLAINTIFF,
v.
CITY OF ATLANTIC CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 30, 1956.
*204 Mr. William Charlton, attorney for the plaintiff.
Mr. Murry Fredericks (Mr. Chaim H. Sandler, appearing), attorney for the defendant.
CAFIERO, J.S.C.
The question here is whether the City of Atlantic City is entitled to collect from the property owner the costs of establishing that a building which had been damaged by fire should be completely demolished pursuant to R.S. 40:48-2.3 et seq. The items were as follows:

 (a) Demolition search ......................... $27.50
 (b) Filing complaint .......................... 25.00
 (c) Appraisal and witness fees: J. & L.
 Construction Co. and Louis Dolinsky ....... 450.00
 (d) Appraisal and witness fee: B.J. Dudnick ... 250.00

The city was never put to any expense in connection with the demolition of the building. The expense alleged is in preparation of executing the proceeding which resulted in the order for demolition. It is conceded that the owner complied with the order and demolished the building at her own expense.
Both the statute and the ordinance under which the city issued the order for demolition permit an assessment only after the owner fails to comply with the demolition order.
The power of a city to conduct its government depends entirely upon such power as is granted to it by the Legislature. It has no independent right to create an *205 assessment unless legislative authority has been delegated. In Jersey City v. Martin, 126 N.J.L. 353, at page 361 (E. & A. 1941), the court said:
"A municipality is merely a political subdivision or department of the state. It is an agency created for the exercise, within the prescribed limits, of the governmental functions and powers of the state. It is but the creature of the state, and exists at its pleasure. As respects both its strictly governmental office and its municipal character for the conduct of local self-government, the Legislature is the exclusive source of its authority; and its continued corporate existence, as well as the scope of its powers, depends upon its will. Unless constitutionally secured, the municipality has no inherent right of self-government beyond the control of the state."
There is no question but that in the very statute itself the Legislature stated that the statute was in furtherance of the police power. In Borough of Jamesburg v. Hubbs, 6 N.J. 578 (1951), at page 584, the court held:
"An exercise of police powers by a municipality must be in conformity with the State statutes on the subject."
From the above statement of the law no inherent power resided in the City of Atlantic City to create an assessment except such as it had been authorized to make by some statute. I find no such authorization in existence.
At the hearing defendant sought to have this court assess the costs under N.J.S. 2A:15-59 which provides that costs may be allowed or disallowed in the discretion of the court to any party in any action, motion, appeal or proceeding. This must be interpreted as meaning any action, motion, appeal or proceeding in any court. In the instant case, the proceeding which resulted in the demolition order was before the municipality under the terms of the ordinance. This cannot be construed as a proceeding in which costs are allowed by this court.
The costs which have been assessed against the lands in question are declared void and set aside. Submit order.