## General State Authority Buildings

HERBERT B. COHEN, Attorney General, August 31, 1956.—The General State Authority presently is engaged in the construction of a tuberculosis sanitorium at Corinthan and Girard Avenues, Philadelphia, Project No. G. S. A. 305-2B.1. The Building Inspection Division, Department of Licenses and Inspection, City of Philadelphia, has informed the contractor for the above project that such construction without permits having been obtained from the department is in violation of the Building Code of the City of Philadelphia and, therefore, illegal. The question arises as to whether or not the General State Authority is subject to said Building Code.

The City of Philadelphia has enacted a Building Code pursuant to its power under the Act of April 14, 1937, P. L. 313, 53 PS §2224 et seq. In so doing, it provided that said code applies to every building and structure erected in the City of Philadelphia, excluding only those buildings and structures title to which is in the United States Government: Code of General Ordinances, City of Philadelphia Title 4, Sec. 4-101.

The General State Authority is an instrumentality of the Commonwealth of Pennsylvania established, among other reasons, to construct State institutions: The General State Authority Act of March 31, 1949,

P. L. 372, sec. 3, 71 PS §1707.4. The present project has been undertaken in pursuance of this power. Thus, the basic question is whether or not an instrumentality of the State government is subject to municipal regulations in the exercise of its statutory powers.

The City of Philadelphia is a municipal corporation and, like all municipal corporations, is dependent upon the State legislature for its powers: Warren Borough v. Willey, 359 Pa. 144, 58 A. 2d 454 (1948); Commonwealth v. Moir, 199 Pa. 534, 49 Atl. 351 (1901). The Act of 1937, supra, gives to the City of Philadelphia broad powers in dealing with matters of local concern. However, it is established law that a statute cannot affect the rights of the sovereign unless the sovereign is expressly designated therein: Culver v. Commonwealth, 348 Pa. 472, 35. A. 2d 64 (1944); Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County, 335 Pa. 177, 6 A. 2d 870 (1939). Nothing in the cited statutes indicates an intention, express or implied, on the part of the General Assembly to give Philadelphia the power to enforce its local regulations against the State or its agencies. We thus conclude that the General State Authority is not subject to the Building Code of the City of Philadelphia.

Agreement with this conclusion is found in several cases from other jurisdictions: Town of Bloomfield v. New Jersey Highway Authority, 18 N. J. 237, 113 A. 2d 658 (1955); City of Charleston v. Southeastern Construction Co., 134 W. Va. 666, 64 S. E. 2d 676 (1951). Moreover, in the analogous area of municipal taxation, it has been held that a municipality cannot tax property of the State unless clearly authorized to do so by statute: Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County, supra.

Therefore, you are advised that the General State Authority is not subject to the Building Code of the City of Philadelphia and need not obtain permits from that city's Building Inspection Division in order to proceed with construction of Project No. G. S. A. 305-2B. 1.