## Gingrich v. City of Lebanon

*Davis & Katz*, for plaintiff.

*George L. Holstein*, for defendant.

GATES, P. J., July 18, 1963.—Prior and subsequent to December 15, 1962, Terrence M. Gingrich was a police officer employed by the City of Lebanon. The City of Lebanon is a municipal corporation existing under the laws of the Commonwealth of Pennsylvania. On that date, the police officer was entitled to an annual salary of $4,576, which was paid to him biweekly by the City of Lebanon. The net biweekly pay on December 14, 1962, was $166.62. However, on December 28, 1962, he received a biweekly check of only $30.24. On February 15, 1963, he filed a complaint in assumpsit alleging that he was entitled to the total amount of wages due ($166.62) him and that these wages remained unpaid for a period of 30 days beyond the regularly scheduled payday, and therefore he was entitled to $138.38, together with an equal amount as liquidated damages and reasonable counsel fees under the provisions of the Wage Payment and Collection Law, Act of July 14, 1961, P. L. 637, sec. 1, 43 PS §260.1.

To the complaint, the City of Lebanon filed preliminary objections alleging that the court has no jurisdiction over the subject matter of this action in that the City of Lebanon is a body corporate and politic and not included within the purview of the Wage Payment and Collection Law, supra. The city contends that

the complaint fails to state a cause of action, since there is no legal basis for the suit and therefore requests judgment.

Thereafter, the matter was heard on oral arguments and submitted to us on written briefs.

In 1961, the legislature enacted the Wage Payment and Collection Law. This act provides that every employer shall pay all wages due to his employes on regular paydays designated in advance by the employer: section 3 of said act. In section 10 of the act, it is provided that wages remaining unpaid for 30 days beyond the regularly scheduled payday may be claimed by the employe, and in addition, as liquidated damages, an amount equal to the wages unpaid. In section 11, an employe is given the right to maintain a civil action in any court of competent jurisdiction to collect the wages and liquidated damages. Under subsection (c) of section 11, it is provided that the court shall allow costs and reasonable counsel fees to the successful employe.

The issue we must resolve is whether the act is applicable to a municipal corporation employer. In this regard, we are required to interpret section 2, which provides as follows:—

"(1) 'Employer' includes every person, firm, partnership, association, *corporation*, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." (Italics supplied.)

There is no question but that the legislature has the power to regulate a municipal corporation's relationship with its employes: Warren Borough v. Willey, 359 Pa. 144; Commonwealth v. Moir, 199 Pa. 534. Thus, the legislature has enacted civil service regulations, and it has specified the manner in which municipal employes may be chosen or removed, even

though these legislative provisions supersede and suspend municipal ordinances: Commonwealth ex rel. v. Philadelphia, 273 Pa. 332; Neuls v. Scranton City, 20 Pa. Superior Ct. 286; Gagliardi v. Ambridge Borough, 401 Pa. 141; 25 P. L. Encyc. 232. Having thus determined that the legislature has the power to regulate how and when municipal employes are to be paid, we must direct our attention to whether or not municipal corporations were intended to be included in the definition quoted above.

A corporation may be defined as an artificial person created by law: Commonwealth v. Fall Brook Coal Co., 156 Pa. 488. Municipal corporations are likewise creatures of the State, and they have been defined as legal institutions formed by charter from the sovereign power: 25 P. L. Encyc. 153. The City of Lebanon is a third class city, and the authority for its incorporation is found in the Act of June 23, 1931 P. L. 932, art. II, sec. 201, as amended, 53 PS §35201. The charter is issued in a manner similar to the procedure for incorporating business corporations. Under the provisions of section 208 of the beforementioned act, all of the real and personal property of the city is vested in the corporation or body politic. There is no real difference between the legal personality of a municipal corporation and a business corporation.

We have examined the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1, 46 PS §501, and it does not afford a solution to this problem. The act does define "municipal corporations" when used in statutes, but it does not define the term "corporation" when used in statutes generally. Frequently, the legislators have included a definition of "corporation" in a particular statute but only for the purpose of determining the applicability of that statute. See Public Utility Code, Act of May 28, 1937, P. L. 1053, art. I, sec. 2, as amended, 66 PS §1102, wherein the term

"corporation" is defined, but the language used specifically and expressly excludes municipal corporation. Obviously, the framers of this legislation determined that the bare expression "corporation" would have included municipal corporations, thus the exception. It would seem, therefore, that the usual and commonly understood meaning of the word "corporation" includes municipal corporations, and therefore we should apply the general rule that the words used in a statute are to be given their usual and common meaning: Statutory Construction Act, supra, section 33; Commonwealth ex rel. Varronne v. Cunningham, Sheriff, 365 Pa. 68; Lehigh & Wilkes-Barre Coal Co. v. Riley, 297 Pa. 522; Fox Film Corporation's Application, 295 Pa. 461.

In conclusion, we hold here that the Wage Payment and Collection Law is applicable to a police officer employed by a municipal corporation.

Therefore, after due and careful consideration, we make the following

*Order*

And now, to wit, July 18, 1963, defendant's preliminary objections are dismissed with leave to answer the complaint within 20 days from the date hereof. Costs to abide the event.