**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3496-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

VINCENT ABRUZIA,

     Defendant-Appellant.

_____

Submitted April 30, 2025 – Decided May 19, 2025

Before Judges Rose and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 96-12-3865.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Michael Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Laura E. Wojcik, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Vincent Abruzia of felony murder, reckless manslaughter, four counts of robbery, conspiracy to commit murder, conspiracy to commit robbery, conspiracy to commit aggravated assault, and weapons offenses for his part in two drug territory incidents in Newark. During the April 1996 related melees, a rival gang member was shot to death and a bystander was wounded by a stray bullet.

Twenty years old when he committed the crimes, defendant was sentenced to an aggregate prison term of life plus fifteen years, with a thirty-five-year parole disqualifier.[1] On direct appeal, we affirmed defendant's convictions and sentence in an unpublished opinion. State v. Abruzia, No. A-2324-02 (App. Div. Feb. 20, 2004) (slip op. at 18). We also affirmed the denial of defendant's ensuing post-conviction relief petition, asserting ineffective assistance of trial counsel. State v. Abruzia, No. A-5219-06 (App. Div. Aug. 11, 2008) (slip op. at 8). Thereafter, a federal court denied defendant's petition for a writ of habeas corpus. Abruzia v. Mee, No. 09-5773, 2012 WL 503835, at *10 (D.N.J. Feb. 15, 2012).

---

[1] As we explain below, the judgment of conviction (JOC) incorrectly memorialized the oral pronouncement of sentence and, in the final charges section, erroneously reflected the conspiracy to commit murder as another robbery conviction.

In May 2023, defendant filed a pro se application, styled as a motion for reduction of sentence pursuant to Rule 3:21-10(b)(4) (recognizing the absence of a temporal limit on the court's ability to review a sentence "authorized by the Code of Criminal Justice"). Defendant argued as a youthful offender, he was entitled to resentencing under the twenty-year "lookback" provision for juvenile offenders pursuant to State v. Comer, 249 N.J. 359 (2022). In his moving papers, defendant sought appointment of counsel to expound upon the issues raised.

On June 23, 2023, the judge, who had no prior involvement in defendant's matters, denied defendant's motion on the papers without assigning counsel. In her accompanying letter to defendant, the judge explained the Court's decision in Comer only applied to juvenile offenders. Because defendant was twenty years old when he committed his crimes, the judge concluded he was not entitled to resentencing. The judge did not expressly address defendant's request for counsel.

On appeal, defendant raises the following point for our consideration:

POINT I

RESENTENCING SHOULD OCCUR BECAUSE THE COMER DECISION -- WHICH REQUIRES A RESENTENCING AFTER AN ADOLESCENT OFFENDER UNDER AGE EIGHTEEN SERVES

TWENTY YEARS -- SHOULD EXTEND TO ADOLESCENTS AGED TWENTY, LIKE [DEFENDANT]. U.S. CONST. AMENDS. VIII, XIV; N.J. CONST. ART. I, ¶ 12.

A. Legal Background: Adolescents Under Eighteen Receive Constitutional Protection Against Lengthy Sentences Because of Their Diminished Culpability and Likelihood of Reform, Characteristics Described by the Miller[2] Factors.

B. Twenty-Year-Olds Should Receive the Same Constitutional Protection Against Lengthy Sentences Because the Miller Factors Apply Equally to Them.

C. The Issue of Extending Comer is Open, and a Prior Appellate Division Panel Was Incorrect to Decide Otherwise.

Defendant does not challenge the motion court's implicit finding that he failed to demonstrate good cause for the assignment of counsel. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2025). We note only we have recognized under similar circumstances the motion court "implicitly found assignment of counsel was not warranted." State

_____

2 Miller v. Alabama, 567 U.S. 460 (2012).

v. Jones, 478 N.J. Super. 532, 552 (App. Div.), certif. denied, 259 N.J. 304, 259 N.J. 314, and 259 N.J. 315 (2024).

In its responding brief, the State moves for summary disposition under Rule 2:8-3, arguing defendant's reprised contentions are "entirely preclude[d]" by our decision in Jones as we declined to extend the Court's holding in Comer to young adult offenders who were defendant's age when they committed their crimes. Because the State failed to comply with Rule 2:8-1(a), however, we decline to consider its contentions as a summary disposition "motion."

Nonetheless, having considered defendant's contentions in view of the principles chronicled in Jones, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following remarks to give context to our decision. We also remand for correction of the JOC.

In Comer, our Supreme Court recognized "children are constitutionally different from adults for purposes of sentencing," 249 N.J. at 384 (quoting Miller, 567 U.S. at 471), and held "[j]uvenile offenders sentenced under the [homicide] statute may petition for a review of their sentence after having spent [twenty] years in jail," id. at 403 (citing Miller, 567 U.S. at 477-78). Comer was seventeen when he committed his crimes, id. at 371, and James Zarate, the

5

defendant in the companion case, was fourteen years old when he committed his crimes, id. at 374.

Following a flurry of unpublished decisions affirming the post-conviction motion courts' denial of various applications by youthful offenders, who were between the ages of eighteen and twenty when they committed their crimes and serving mandatory sentences greater than two decades, we affirmed other courts' similar denials in three consolidated matters. Jones, 478 N.J. Super. at 553. The three defendants in the consolidated Jones cases were eighteen and twenty years old when they committed homicide. Id. at 541, 544, 547. Similar to defendant in the present matter, each defendant in Jones sought resentencing, arguing the Comer sentencing review procedure "should extend to youthful offenders between the ages of eighteen and twenty when they committed their offenses," id. at 534-35, because "developmental science recognizes no meaningful cognitive differences between juveniles and young adults," id. at 542.

Following an extensive review of the "guiding legal principles" applicable to the sentencing of juvenile offenders, id. at 535-36, we declined to extend the holding in Comer to youthful offenders, id. at 549. We found "the Court's decision was limited to juvenile offenders tried and convicted of murder in adult court." Ibid. In reaching our conclusion, we relied in part on State v. Ryan, 249

6

N.J. 581 (2022), an opinion the Court issued one month after deciding <u>Comer</u>. <u>Jones</u>, 478 N.J. Super. at 549-50.

In <u>Ryan</u>, the Court observed:  "The Legislature has chosen eighteen as the threshold age for adulthood in criminal sentencing.  Although this choice may seem arbitrary, 'a line must be drawn,' and '[t]he age of [eighteen] is the point where society draws the line for many purposes between childhood and adulthood.'"  249 N.J. at 600 n.10 (alterations in original) (quoting <u>Roper v. Simmons</u>, 543 U.S. 551, 574, (2006)); <u>see also</u> <u>Jones</u>, 478 N.J. Super. at 551 (citing N.J.S.A. 2A:4A-22(a) (defining a juvenile as an individual "under the age of [eighteen] years"); N.J.S.A. 2A:4A-22(b) (defining an adult as "an individual [eighteen] years of age or older")).

In <u>Jones</u>, we further noted "our [limited] institutional role as an intermediate appellate court."  478 N.J. Super. at 551.  Bound by the Supreme Courts of the United States and this state, we declined "to disturb the motion judges' decisions, which emphasized the Supreme Court in <u>Comer</u> limited its decision to juveniles."  <u>Ibid.</u>

We reach the same conclusions in this case.  Perceiving no basis to deviate from our opinion in <u>Jones</u>, we affirm the June 23, 2023 order denying defendant's motion for resentencing.

A-3496-22

As the State notes, however, there exists a discrepancy between the JOC and oral pronouncement of sentence. According to the sentencing transcript, the trial court ordered a life imprisonment term with a thirty-year parole disqualifier on defendant's felony murder conviction under count eight of the indictment, imposed consecutively to the fifteen-year prison term with a five-year parole disqualifier on the robbery conviction under count three. As we recognized in our decision upholding defendant's aggregate sentence on direct appeal, "[t]he trial judge sentenced defendant to an aggregate term of life imprisonment plus fifteen years, with thirty-five years of parole ineligibility." Abruzia, No. A-2324-02, slip op. at 16.

However, the JOC reflects count eight was imposed "CC," that is concurrently, "TO COUNT #3." Because the oral pronouncement of sentence controls when a discrepancy exists between the court's oral decision and the JOC, "a remand is required to conform the [JOC]" accordingly. See State v. Abril, 444 N.J. Super. 553, 565 (App. Div. 2016). In addition, the final charges section of the JOC incorrectly reflects defendant was convicted of a fifth robbery under count two of the indictment, which charged conspiracy to commit murder. Count two is accurately reflected in the original charges section of the JOC, the

jury's verdict sheet, and the sentencing transcript. On remand, the JOC shall be corrected accordingly. See ibid.

Affirmed but remanded solely to correct the JOC. Jurisdiction is not retained.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

9