· [No. 1402. December 8, 1911.]

## TERRITORY OF NEW MEXICO, Appellee, v. SILVESTRE TORRES, Appellant.

### SYLLABUS.

1. Pleas in abatement are dilatory pleas and are subject to the most technical rules of pleading and the greatest accuracy and precision are required in framing them.

2. It is not necessarily true that secondary evidence is not legal evidence.

2. That appellant was subpoenaed and compelled to appear before the grand jury was not a violation of his constitutional rights, nor is the fact that he was sworn before such body and there testified to facts that did not incriminate himself.

4. If appellant was compelled over his protest to ·be a witness against himself before the grand jury and was compelled to testify to matters and things over his protest incriminating or tending to incriminate himself, it was a direct violation of his constitutional right guaranteed him.

5. The allegations in the plea are at best mere conclusions. The facts themselves must be stated and so clearly and definitely set forth as not to leave unobviated any supposable special answer.

Territory v. Torres, 16 N. M. 615.

6. Continuance properly denied.

7. The statute regulating continuances because of absent witnesses is mandatory and when the application for continuance complies with the statute there is no room for the court to exercise any discretion.

8. This court will not consider any alleged error in the omission to give instructions unless exception is duly taken and unless a request is made for such instruction.

9. Instructions examined and found fairly and completely to cover everything in the refused instruction.

10. In order to secure review by an appellate court of improper argument before the jury, by counsel, the attention of the trial court must be immediately called to the objectionable remarks and request be made for the interference of the court, and, in case of refusal, an exception be noted.

11. Counsel and court considered that admonition by the court cured the objectionable remarks of the prosecuting attorney, and counsel cannot now be heard to question such ruling in the absence of a specific exception.

Appeal from the District Court for Union County, before C. J. Roberts, Associate Justice. Affirmed.

J. Leahy for Appellant.

Accused cannot be compelled to incriminate himself. C. L. 1897, secs. 979, 980, 3431, 3765, 3405; 5th Amendment of U. S. Constitution; Counselman v. Hitchcock, 142 U. S. 549; Levy v. Superior Court, 167 U. S. 42; Zucker, 161 U. S. 481; U. S. v. Edgerton, 80 Fed. 376; U. S. v. Bell, 81 Fed. 843; State v. Young, 24 S. W. 1045; 2 Bishop's C. P., sec. 794; Tuttle v. People, 79 Pac. 1039; U. S. v. Praeger, 149 Fed. 482; Hale v. Hinkle, 201 U. S. 67; State v. Gardner, 92 N. W. 529; Boone v. People, 36 N. E. 99; State v. Clifford, 53 N. W. 299.

Continuance should have been granted because of absence of witnesses. C. L. 1897, secs. 2987, 3422; State

v. Berkley, 4 S. W. 24; 2nd Story Const., secs. 1938, 1943; Starkie on Ev., 9th ed. 727; ex parte Milligan, 4 Wall. 120.

Instructions. Wharton on Homicide, 3 ed., sec. 587; Ty. v. Monroe, 6 Pac. 478; State v. Alcorn, 64 Pac. 1014; State v. Keeler, 28 Iowa 551; McBride v. People, 37 Pac. 953; Gay v. State, 49 S. W. 612; Harris v. State, 12 S. W. 1102; Hunter v. State, 31 S. W. 674.

Motive. Wharton on Homicide, secs. 210, 211, 340.

FRANK W. CLANCY, Attorney General, for Appellee.

The action of the grand jury is conclusive in presenting the indictment and the court will not permit a retrial of the propriety of finding the indictment after the grand jury has acted. U. S. v. Reed, 2 Blatch. 466; State v. Morris, 36 Iowa 272; Cox v. Coleridge, 1 B. & Cr. 37; 1 Chitt. Cr. L. 313; 9 Pick. 495; Dockery v. State, 35 Tex. Cr. 487; Washington v. State, 63 Ala. 192; State v. Fassett, 16 Conn. 471; Crech v. State, 24 Ind. 155; State v. Tucker, 20 Iowa 508; State v. Fowler, 52 Iowa 104; Hammond v. State, 74 Miss. 218; State v. Shreve, 137 Mo. 1; Leach's Cr. L. 159.

That appellant was taken before the grand jury and there called upon to testify is not sufficient ground for setting aside the indictment. Mencheca v. State, 28 S. W. 203; Spearman v. State, 34 Tex. Cr. 281; U. S. v. Brown, 1 Sawyer 532; People v. Landis, 82 Mich. 118.

Plea in abatement was not sufficient. Boone v. People, 148 Ill. 448; State v. Gardner, 88 Minn. 136; State v. Froiseth, 16 Minn. 297; State v. Frizell, 111 N. C. 722; U. S. v. Egerton, 80 Fed. 374; State v. Trauger, 77 N. W. 337; State v. Donelon, 12 So. 922; 1 Chit. Pl. 445; Gould Pl., chap. 3, secs. 57, 58; 1 Bish. Crim. Proc., sec. 324; Dolan v. People, 64 N. Y. 492; O'Connell v. Reg., 11 Clark & F. 155; State v. Bryant, 10 Yerg. 527; State v. Newer, 7 Blackf. 307; State v. Brooks, 9 Ala. 9; Hardin v. State, 22 Ind. 347; Findley v. People, 1 Mich. 234; Belden v. Laing, 8 Mich. 500; People v. Lauder, 82 Mich. 114; Rex v. Lewis, 6 Car. & P. 161; Rex. v. Davis, Id. 177; Reg. v. Owen, 9 Id. 238; Reg. v. Wheeler, 8 Id. 250;

People v. McMahon, 15 N. Y. 384; People v. Mondon, 103 N. Y. 211.

Failure to instruct as to involuntary manslaughter is not up for review. Territory v. O'Donnell, 4 N. M. 209; U. S. v. Duran de Amador, 6 N. M. 173; Territory v. Gonzales, 11 N. M. 326; Territory v. Watson, 12 N. M. 421; Territory v. Caldwell, 14 N. M. 543.

No error in refusing instruction. U. S. v. Wiltberger, 28 Fed. Cas. 730.

Statements of District Attorney to jury were not prejudicial. Chacon v. Territory, 7 N. M. 246.

### STATEMENT OF FACTS.

At the September, 1910, term of the District Court of Union county, the defendant, Silvestre Torres and three others were jointly and severally indicted for the murder of one Reymundo Encinas. The joint indictment was No. 598. All the defendants were arraigned on all of the indictments and entered pleas of not guilty, all which proceedings took place before any of the defendants had consulted counsel. At the March, 1911, term, the defendants in all cases withdrew their pleas of not guilty and filed pleas in abatement. In the case at bar the plea was as follows: "And the said Silvestre Torres, in his own proper person, comes into court here, and, having heard the said indictment read, says that he was required and compelled to testify under oath before the grand jury by whom the said indictment was found and returned into court here, touching any and all matters that had come to his knowledge concerning the said alleged crime set out in said indictment, and particularly all he had heard tending to implicate all defendants jointly indicted with him by the grand jury under case No. 598, of the records of this court; that during the session of said grand jury, affiant was then confined in the county jail of said Union county, and was taken from there by the sheriff of said county before said grand jury and compelled, after being sworn by the foreman of said grand jury, to answer all questions touching said alleged crime, and all he had heard about the same, tending to implicate

himself or other persons, all of which was done against his will and over his protest, and that the indictment herein was found on hearsay and secondary evidence given by him and his co-defendants, and not on legal evidence, and this he is ready to verify. Wherefore he prays judgment of the said indictment and that the same may be quashed." To this plea the district attorney demurred. The court sustained the demurrer to the plea, and, after denying a motion for continuance, called the case for trial. The jury found the defendant guilty of voluntary manslaughter. Defendant filed motions for new trial and in arrest of judgment, all of which were overruled and exception duly taken. Sentence was pronounced, notice of appeal given and appeal duly granted.

## OPINION OF THE COURT.

WRIGHT, A. J.—The first error assigned by appellant questions the ruling of the court in sustaining the demurrer to the plea in abatement. By his plea in abatement the appellant insists that the indictment be quashed for the following reasons, namely: 1. Because the indictment was found on hearsay and secondary evidence given by appellant and his co-defendants. 2. Because appellant's constitutional privilege was invaded in compelling him to testify against himself. Pleas in abatement are dilatory pleas and have always been subject to the most technical rules of pleading and the greatest accuracy and precision are required in framing them. They must leave nothing to be supplied by intendment. Any inference indulged in by the court must be against the pleader. 1 Chitty Cr. Law 445; 1 Bish. New Crim. Proc., sec. 327; People v. Lauder, 82 Mich. 114; Steiner v. State, 110 N. W. 723; Thompson v. U. S., 30 App. D. C. 352; Thomas v. State, 58 Fla. 122, 51 So. 410; U. S. v. Standard Oil Co., 154 Fed. 728; U. S. v. Amer. Tob. Co., 177 Fed. 774; Melville v. State, 89 N. E. 490; Pennel v. State, 125 S. W. 445; 122 Tenn. 622. Applying the foregoing rule to the plea in this case it is apparent that the same is bad for uncertainty and insufficiency. It is impossible to determine therefrom whether the appellant

relies upon the reception of incompetent and hearsay evidence or upon the point that his constitutional privilege was violated by being compelled to testify against himself. The position taken by the Attorney General is that, in the absence of some statute authorizing a reexamination of the evidence taken before a grand jury, upon which an indictment has been found, the action of the grand jury in presenting the indictment is conclusive. Whether such be the rule or not, this plea is bad; First, because it is not necessarily true that secondary evidence is not legal evidence. Second, the allegations of the plea leave too much to inference. Third, the allegations are mere conclusions of law. For these reasons alone the trial court was right in sustaining the demurrer.

2. Passing now to the argument advanced by counsel, that the constitutional privilege of appellant was violated by his being compelled, over his protest, to be a witness against himself before the grand jury, we must bear in mind that this constitutional right is a personal privilege to be claimed or not, as the appellant may choose. The mere fact that appellant was subpœnaed and compelled to appear before the grand jury was not a violation of his constitutional rights, nor is the fact that he was sworn before such body and there testified to facts that did not incriminate himself a violation of his constitutional rights. People v. Lauder, supra. If, in fact, the appellant was compelled, over his protest, to be a witness against himself before the grand jury, and as a matter of fact, was compelled to testify to matters and things, over his protest, incriminating or tending to incriminate himself, it was a direct violation of his personal right guaranteed him under the Federal Constitution. Counselman v. Hitchcock, 142 U. S. 549; State v. Donelon, 12 So. 922; State v. Franger, 77 N. W. 337; Lindsey v. State, 69 Ohio State 215, 69 N. E. 126. Whether the plea raises this specific question was a question of law for the court. By sustaining the demurrer the lower court held that the plea did not present this question. Keeping in mind the rules of pleading applicable hereto, we find that the plea does not state that

the appellant refused to take the oath or that at the time the oath was administered, he claimed his privilege; nor does the plea anywhere allege that appellant at any time, claimed his constitutional privilege, or refused to answer any question which might incriminate or tend to incriminate him. The only expression in the plea, which, by any stretch of the imagination, could be so construed is as follows: "and compelled, after being sworn by the foreman of said grand jury, to answer all questions touching said alleged crime, and all he had heard about the same, tending to implicate himself or other persons, all of which was done against his will and over his protest." * * * * * It is to be noted that this plea does not set out the facts so testified to by appellant, nor does it show that he testified to any fact material to the inquiry, or that any facts so testified to were considered by the grand jury, or that such facts were the basis of the indictment returned. Nor can it be said that such plea discloses that the appellant was compelled to, and did, testify, over his protest, to any fact whatever tending to incriminate himself. The allegations in the plea are, at best, mere conclusions. The facts themselves must be stated and so clearly and definitely set forth as not to leave unobviated any supposable special answer. Thomas v. State, 50 Fla. 122; 51 So. 410; State v. Comer, 157 Ind. 611; 62 N. E. 452. We are therefore of the opinion that the demurrer to the plea in abatement was properly sustained.

3. The appellant assigns as error the action of the trial court in overruling his motion for continuance, wherein appellant prayed a continuance or postponement of the trial until the presence of three witnesses, named therein, could be had. After considering the facts set out in such motions, the court ruled that such motions were sufficient as to the witnesses Clemencia Lucrecio and Julianita Torres. The Territory thereupon stated that it was ready to admit, (and later did admit upon the trial,) that if the two witnesses mentioned in said motion were present they

would testify as set forth in said motion. This admission having been made, the court, under the authority of Section 2987, of the Compiled Laws, denied the motion for a continuance. Section 2981, cited supra, reads as follows: "If the application for continuance is insufficient it shall be overruled; if held sufficient the cause shall be continued, unless the opposite party will admit that the witness, if present, would testify to the facts therein stated, in which event the cause shall not be continued, but the party may read as evidence of such witness the facts held by the court to be properly stated."

4. Appellant also filed an additional affidavit and motion for continuance because of the absence of one Julian Padilla, a material witness for the appellant. The court, after considering such additional motion overruled the same as insufficient. An examination of the motion and affidavit discloses that there is no such showing of diligence on the part of the appellant as is required by law. It is true that the affidavit in support of the motion shows the issuance of subpœna and delivery to a deputy sheriff for service, but it does not show when this was done. The record in this case shows that the appellant was indicted and arraigned at the term prior to the trial and had been released on bond after arraignment, and while it is true that the plea was later withdrawn for the purpose of filing a plea in abatement, this could not excuse the appellant from exercising all due diligence in preparing his defense. The record in this case does not disclose whether the subpœna for Julian Torres was issued one week or one hour prior to the filing of the motion for continuance. The statute regulating continuances because of absent witnesses is mandatory and when the application for continuance complies with the statute there is no room for the court to exercise any discretion. Territory v. Kinney, 3 N. M. 656. Section 2986 of the Compiled Laws prescribes that the application shall contain, and prescribes, among other things, that the application shall set out the "efforts, constituting due diligence, which have been used to obtain such witness or his testimony." In the case at bar, the application for con-

tinuance fails to set out any facts showing due diligence on the part of the appellant. The trial court, therefore, properly denied the additional motion for continuance.

5. The next error assigned is that the court failed to instruct as to involuntary manslaughter. The record shows that the appellant's counsel took no exception to the failure of the court so to instruct, nor did he make any request for any such instruction. It is too well settled to permit of any discussion, that this court will not consider any alleged error in the omission to give instructions unless exception is duly taken and unless a request is made for such instruction as appellant alleges should have been given. Territory v. Watson, 12 N. M. 421; Territory v. Caldwell, 14 N. M. 543. No request having been made nor exception taken, there is nothing for the court to consider.

6. Appellant assigns as error the refusal to give the second requested instruction. The instruction in question is as follows: "The jury are instructed they cannot indulge in presumption as to the proximate or efficient cause of the death of the deceased, but must find from the evidence that the wound testified to and found on the body of deceased was sufficient to cause his death, and that said wound was necessarily a mortal wound and did cause his death." The trial court refused to give this instruction for the reason that the instructions given by the court, on his own motion, fully and completely covered everything contained in the refused instruction. We have examined the instructions given by the court on his own motion and find that they do fairly and completely cover everything contained in the refused instruction. It therefore follows that there was no error in the refusal to give such requested instruction. Territory v. Price, 14 N. M. 262, 91 Pac. 724; Cunningham v. Springer, 13 N. M. 259, 287, 82 Pac. 232; Territory v. De Gutman, 8 N. M. 92, 42 Pac. 68.

7. The last assignment of error relates to three alleged prejudicial statements made by the district attorney in his argument to the jury. It is very doubtful whether the objectionable remarks and the circumstances relating

thereto are so preserved in the record as to be before this court. No bill of exceptions was taken at the time and they appear only in an affidavit of defendant's attorney filed in support of the motion for a new trial. After setting out the alleged objectionable remarks the affidavit states: "Affiant further says, that at the time each and every of the said statements were so made to the jury, affiant (counsel for appellant) then and there made due objection to the court, and the court admonished the prosecutor in the first and third statements herein." The general rule is well settled that, in order to secure a review by an appellate court of improper argument before the jury, by counsel, the attention of the trial court must be immediately called to the objectionable remarks and request be made for the interference of the court, and, in case of refusal, an exception be noted to the ruling of the court. Corcoran v. Albuquerque Traction Co., 15 N. M. 9, 103 Pac. 645; Territory v. Cordova, 11 N. M. 374, 68 Pac. 919; Whaley v. Vanatta, 77 Ark. 238, and note with collected cases. No ruling appears to have been made by the trial court upon the second statement to which objection is made. There being neither a ruling nor a refusal to rule on the part of the trial judge, there is nothing before us for review. As to the first and third statements to which objection is made, it appears that the court, upon his attention being called thereto, admonished the prosecuting attorney. No exception was taken to the action of the court in so doing, nor was any request made by counsel for any other action or ruling by the court. It is evident, therefore, that both counsel and the court consider that the admonition by the court cured the objectionable remarks, and counsel cannot now be heard to question such ruling in the absence of a specific exception to the action of the trial court. There being no reversible error apparent in the record, the judgment of the lower court is affirmed.

Territory v. McNabb, 16 N. M. 625.

DISSENT.

I dissent from so much of the opinion as sustains the action of the trial court in overruling the demurrer to the plea in abatement.

WILLIAM H. POPE, Chief Justice.
JOHN R. McFIE, Associate Justice.