428 P.2d 473

STATE of New Mexico ex rel. James TOWNSEND, Petitioner,

v.

The COURT OF APPEALS of the State of New Mexico, Respondent.

No. 8424.

Supreme Court of New Mexico.

May 29, 1967.

Arturo G. Ortega, William E. Snead, Albuquerque, for petitioner.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Parker, Albuquerque, for respondent.

## OPINION

CARMODY, Justice.

This is an original prohibition proceeding, which is somewhat unusual in that it seeks to annul an alternative writ of prohibition issued by the court of appeals.

This proceeding was initially brought naming The Honorable E. T. Hensley, Jr., Chief Judge of the Court of Appeals, as respondent. However, at the time of the issuance of our alternative writ, on this court's own motion, it was ordered that the petition be considered as directed against the Court of Appeals of the State of New Mexico rather than its chief judge.

The case is based upon the following: A workmen's compensation case was filed in the District Court of Socorro County, which was presided over by The Honorable Richard A. Stanley, Judge of the District Court of the Third District, sitting by designation. Judge Stanley entered an order,

apparently without a hearing, directing that the defendants pay the costs and expenses of the workman's discovery procedures. This order was entered prior to trial and before any liability was either admitted by or established against the employer or its compensation carrier. Shortly thereafter, the carrier filed a petition in the court of appeals, seeking to prohibit Judge Stanley from proceeding further in the cause pending before him. That petition was presented to the chief judge of the court of appeals, who entered an order directing the issuance of an alternative writ of prohibition. Pursuant to this order, an alternative writ was issued by the clerk of the court of appeals, which prohibited Judge Stanley from proceeding further in the workmen's compensation case, ordered him to show cause why the writ should not be made absolute, directed that the proposed trial setting of the district court case be vacated, and stayed all discovery procedures. Thereafter and prior to the return day, petitioner, plaintiff in the district court, filed his petition for writ of prohibition before us. Following our customary procedure, the application for alternative writ was submitted to the entire court, and we determined that it should issue. Response has been filed and briefs submitted by both parties.

We must first determine whether the court of appeals has the right, under the constitution and laws, to issue a prerogative writ such as was done here. In this connection, we note that the writ issued by the court of appeals was not in any sense in aid of its appellate jurisdiction. Therefore, any question of inherent power of a court to issue appropriate writs as a part of its appellate jurisdiction is not before us.

Under our constitution, both the supreme court (art. VI, § 3) and the district courts (art. VI, § 13) are granted original jurisdiction to issue extraordinary writs. Art. VI, § 3, insofar as material, reads as follows:

"The Supreme Court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions, and shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same.
* * *"

On the other hand, the constitutional provision relating to the jurisdiction of the court of appeals, being art. VI, § 29, adopted September 28, 1965, is as follows:

"The court of appeals shall have no original jurisdiction. It may be authorized by law to review directly decisions of administrative agencies of the state, and it may be authorized by rules of the Supreme Court to issue all writs necessary or appropriate in aid of its appellate jurisdiction. In all other cases, it shall exercise appellate jurisdiction as may be provided by law."

■ This court has not, by any rule, authorized the court of appeals "to issue writs necessary or appropriate in aid of its appellate jurisdiction," although we did, by rule effective April 1, 1966 (§ 21–2–2, N.M. S.A.1953, 1966 Interim Supp.), make our rules of practice and procedure applicable to the court of appeals "insofar as pertinent." Under the constitution, however, this provision could only apply to writs in aid of the appellate jurisdiction of the court of appeals. It therefore appears that there is no grant by the constitution or by rule enabling the court of appeals to issue the alternative writ of prohibition with which we are here concerned.

■ In addition, it should also be noted that the legislature, by the enactment of § 16–7–8, N.M.S.A.1953, 1966 Interim Supp., granted to the court of appeals only limited appellate jurisdiction. However, neither in this section nor in any other provision of ch. 28 of the Laws of 1966 (creating the court of appeals) is there any mention of the power to issue extraordinary writs. It

is to us plain and beyond any argument that the court of appeals has no right to issue a writ of prohibition such as here involved; it simply has no jurisdiction whatsoever to do so.

Although stated otherwise, the response really raises but one proposition, i. e., that because there is a reasonable question as to the court of appeals' authority to issue a prerogative writ, this court should refuse prohibition until such time as the court of appeals makes its own determination of jurisdiction.

Having determined that the court of appeals lacks the power to issue the writ, we must decide whether we should decline to utilize this extraordinary writ in order that the court of appeals may make its own determination of the question.

■ It is stated as a general rule that prohibition will not issue to an inferior court unless the attention of the court whose proceedings it is sought to arrest has been called to the alleged lack of jurisdiction, Annot., 35 A.L.R. 1090. However, even though this rule is said to be of general application, the exceptions control almost as often as the rule itself, Annot., 35 A.L.R., supra, at 1093, and see generally 42 Am.Jur., Prohibition, §§ 38 and 39. Disavowing any attempt to state all the exceptions, prohibition may be granted where the remedy by appeal is not plain, speedy or adequate, or where there is no remedy by way of appeal, Emerson v. Hughes, 1952, 117 Vt. 270, 90 A.2d 910, 34 A.L.R.2d 539, and see generally 73 C.J.S. Prohibition § 16a (2). Also, prohibition will lie even where there is a remedy by appeal, where it is deemed to be in the public interest to settle the question involved at the earliest moment, see Public Service Comm. v. District Court, 1942, 61 Nev. 245, 123 P.2d 237; and Schofield v. Melton, 1933, 166 Okl. 64, 25 P.2d 279; as well as Emerson v. Hughes, supra.

 Recently, under our constitution, we have followed the rule that it is not absolutely essential that the inferior court have an opportunity to pass upon the question in-

volved. See State Corporation Comm. v. Zinn, 1963, 72 N.M. 29, 380 P.2d 182, where we granted the writ prior to a hearing scheduled to determine if a temporary injunction should issue.

We are not unmindful of Tapia v. Martinez, 1888, 4 N.M., Gild., 329, 16 P. 272, which is cited as following the general rule; but this case was decided long before the adoption of our constitution and the circumstances of that case were in no sense analogous to those now before us. In any event, another case almost as old as Tapia is Lincoln-Lucky & Lee Min. Co. v. District Court, 1894, 7 N.M. 486, 38 P. 580, where the general rule was not applied and this court entertained and granted a writ of prohibition against one of its own members, sitting as a trial judge, before that justice had an opportunity to pass upon the question of jurisdiction.

 At any rate, it is generally acknowledged that the making of the objection in the inferior court is not strictly jurisdictional, and, in a proper case, the superior court may, in the proper exercise of discretion, proceed without the necessary objection having been made in the inferior court. See State ex rel. City of Mansfield, v. Crain (Mo.App.1957), 301 S.W.2d 415; Donahoo v. St. John, 1950, 253 Ala. 604, 46 So.2d 420; and 42 Am.Jur., Prohibition, § 39, p. 173, Note 9. Even Tapia v. Martinez, supra, so strongly relied upon by respondent, recognizes that there may be cases where the writ will issue even though the court, being prohibited, had not been given an opportunity to pass on its own jurisdiction.

Although numerous cases from other jurisdictions have been cited by the respective parties, most, if not all, concern situations with entirely different constitutional, statutory and factual circumstances than those before us. This is not an ordinary case involving the actions of a trial court, where there is almost always a remedy by appeal.

■ Here petitioner has no adequate remedy other than prohibition. He could,

of course, ignore the writ from the court of appeals and seek to have the district judge proceed anyway, under the contention that the order was absolutely void; but this, of course, would involve many sub-questions and such action would not be in compliance with orderly procedure. The only other avenue open to the petitioner would be to either answer or attack the writ in the court of appeals, seeking to have that court quash its own writ on a jurisdictional basis. However, such an approach is fraught with dangers. If the court of appeals were to determine that it did have jurisdiction, petitioner would be virtually without remedy because, after the fact, the granting of prohibition would be even more difficult or uncertain (State Game Commission v. Tackett, 1962, 71 N.M. 400, 379 P.2d 54) and there is no provision for an appeal or certiorari from such action. In such a situation, the petitioner would be required to try the case without the benefit of the order of the district court as to discovery, whether erroneous or not. If not satisfied with the judgment, he could then appeal, preserving for review as best he could the adverse effects suffered by virtue of the writ of prohibition issued by the court of appeals. Then, if the court of appeals affirmed the case, he could seek certiorari under Supreme Court Rule 29, adopted July 14, 1966 (which, when compiled, will appear as § 21-2-1(29), N.M.S.A.). The mere statement of such a course of conduct shows its absurdity if not its futility. It is neither plain, speedy nor adequate, nor would it be in the public interest.

The writ will be made absolute, and the court of appeals is directed to set aside its order directing the issuance of the alternative writ of prohibition and the writ itself, and to dismiss Cause No. 41 on the docket of that court. It is so ordered.

CHAVEZ, C. J., and NOBLE, MOISE, and COMPTON, JJ., concur.