487 P.2d 197

STATE of New Mexico, Plaintiff-Appellee,

v.

Johnnie Morris WATSON, Defendant-Appellant.

No. 613.

Court of Appeals of New Mexico.

July 2, 1971.

**770**

Anthony F. Avallone, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Richard J. Smith, John A. Darden, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Watson was convicted of burglary and criminal contempt of court. He appeals.

We reverse.

Watson claims, (1) his confession to a detective should have been suppressed as a matter of law, and (2) it was error to hold Watson in criminal contempt of court.

A. *Should Watson's Confession be Suppressed as a Matter of Law?*

After a hearing on Watson's motion to suppress, the trial court ruled that the written confession given to the police was voluntary and not in violation of Watson's constitutional rights, and entered an order that the motion to suppress be denied. The confession was admitted in evidence during the trial.

The ruling of the trial court was in effect a denial of Watson's claim that the confession was not voluntary because it was given after an implied promise of leniency and threat of coercion.

On the morning the confession was given, Watson called the police to report a stolen car. When the car was found, a police officer came to Watson's home and advised him to come to the police station to answer some questions about the car. He and his mother went to the police station around 7:00 a.m. After questioning by an officer concerning the allegedly stolen car, he was taken to a detective. After being advised of his constitutional rights and interrogation by the detective, Watson confessed the burglary.

Watson's claim of an implied promise of leniency and threat of coercion were the following statements by the detective to Watson during interrogations:

Now, look, John, we can go to trial with one state witness and one defendant or two defendants. * * * Now, look, you can go ahead and talk to me here or [I] book you and I will go home and relax and eat a big dinner and watch some television and it won't bother me in the least.

The first part of the statement could have been understood to mean that if Watson would confess, he would be a state's witness and not a defendant. He would be immune. If he did not confess, he would be charged.

The second part of the statement could have been understood to mean that Watson must confess or the detective would book him on the charge. The detective did not deny the statements made. Watson did not know if he was free to leave the police station at this time, and made his confession.

In State v. Turnbow, 67 N.M. 241, 253–254, 354 P.2d 533, 89 A.L.R.2d 461 (1960), the court said:

Before a confession may be introduced into evidence as such it must be established to have been voluntarily made and not to have been extracted from an accused through fear, *coercion,* hope of reward *or other improper inducements.* Until a prima facie showing is made as to these matters, a confession cannot be received in evidence because it is untrustworthy. [Emphasis added].

 During the hearing on the motion to suppress the confession, the detective was silent on any implied promise of leniency coupled with a threat of coercion. A prima facie case for admission is made where the officers testify that the confession was obtained without threat or coercion or promise of immunity. If the accused confesses because he was induced by the promise that his punishment will not be so severe as it otherwise might be, the confession is not admissible because it was not voluntary. State v. Lord, 42 N.M. 638, 84 P.2d 80 (1938).

Brady v. United States, 397 U.S. 742, 753, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), arose out of a New Mexico indictment for kidnapping. With reference to confession, the Court said:

To be admissible, a confession must be "free and voluntary; that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence."

See also State v. Nelson, 63 N.M. 428, 321 P.2d 202 (1958), cert. den. 361 U.S. 877, 80 S.Ct. 142, 4 L.Ed.2d 115 (1959), which involved a promise of leniency;

State v. Dena, 28 N.M. 479, 214 P. 583 (1923).

This confession is inadmissible even though the Miranda warnings were given, Coyote v. United States, 380 F.2d 305 (10th Cir. 1967), cert. den. 389 U.S. 992, 88 S.Ct. 489, 19 L.Ed.2d 484 (1967), [involving a New Mexico conviction], whether the confession is true or false, or there is ample evidence aside from the confession to support the conviction. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966), [footnote 33 of the Court's opinion].

 We hold the confession inadmissible, because Watson's claim stands undisputed. The claimed wordage was asserted by Watson. The state did not question the detective on the wordage, nor on the questions of threat, coercion, inducement, or promise of immunity. The state failed to make a prima facie showing of an absence of coercion or improper inducements. State v. Turnbow, supra.

The trial court erred in failing to suppress the confession. Watson is entitled to a new trial free of his confession. We do not decide what effect this confession has on subsequent statements or admissions of Watson.

B. *Can Criminal Contempt Committed in the Presence of the Trial Court be appealed to the Court of Appeals?*

 In an independent, separate trial entitled "State v. Lucas, No. 12200," the trial court held Watson in criminal contempt. The reason was Watson's deliberate and premeditated refusal as a witness to answer two questions ordered by the court, after the court had given him an opportunity to purge himself of contempt, and after Watson conferred with his attorney. The questions were:

(1) Isn't it true that on March 1, 1970, you saw Merlin David Lucas, the Defendant in this action, seated in this court room, in Johnson's Steak House?

(2) Now, Mr. Watson, I want to give you one more opportunity. You can answer yes or no. Isn't it a fact that on the

first day of March, 1970, you witnessed —you saw the Defendant in this action, Merlin David Lucas, in Johnson's Steak House at approximately 6:30 or before, earlier in the morning?

Watson answered, "I refuse to answer any questions on the grounds it may tend to incriminate me in a subsequent or related trial of larceny which I have not been prosecuted for." The trial judge could not understand how the answer to the question would incriminate him. The district attorney stated that "under no consideration would he file any other charges" against Watson growing out of this burglary. The district judge also indicated this.

Lucas was found not guilty.

The issue is, Can Watson appeal from a conviction of criminal contempt committed in the presence of the court? Supreme Court Rule 5(2) § 21–2–1(5) div. 2, N.M. S.A.1953 (Repl. Vol. 4), provides in part:

\* \* \* [A]ny person convicted of criminal contempt, except contempt committed in the presence of the court, shall have an appeal from such \* \* \* conviction to the Supreme Court. \* \* \*

This rule is no longer effective.

In 1965, Article VI, Section 2 of the New Mexico Constitution pertaining to Supreme Court's appellate jurisdiction was amended to read as follows:

Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the Supreme Court. In *all* other cases, *criminal and civil,* the Supreme Court shall exercise appellate jurisdiction as may be provided by law; *provided that an aggrieved party shall have an absolute right to one appeal.* [Emphasis added].

Section 16–7–14(A), N.M.S.A.1953 (Repl. Vol. 4) provides:

The appellate jurisdiction of the Supreme Court is coextensive with the state and extends to all cases where appellate jurisdiction is not specifically vested by law in the court of appeals.

Article VI, Section 29 of the New Mexico Constitution provides in part:

The court of appeals shall have no original jurisdiction. \* \* \* In all other cases, it shall exercise appellate jurisdiction as may be provided by law.

Section 16–7–8(C), N.M.S.A.1953 (Repl. Vol. 4) provides that the court of appeals has jurisdiction to review on appeal:

C. criminal actions except those in which a judgment of the district court imposes a sentence of death or life imprisonment.

Section 16–7–10 provides in part:

\* \* \* Whenever either court determines it has jurisdiction in a case filed in that court and proceeds to decide the matter, that determination of jurisdiction is final. \* \* \*

In both constitutional provisions, the Supreme Court and the court of appeals shall exercise appellate jurisdiction as may be "provided by law." This phrase generally means "provided by statutes." Lawson v. Kanawha County Court, 80 W.Va. 612, 92 S.E. 786 (1917), cited on other grounds in Mann v. City of Artesia, 42 N.M. 224, 76 P.2d 941 (1938).

Under the New Mexico Constitution, as amended, supra, the Supreme Court can no longer deny to an aggrieved party the right to appeal. Watson is an aggrieved party. Supreme Court Rule 5(2), supra, lost its effect in 1965.

Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522, 528 (1968), said:

Criminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both.

The Court further held that "convictions for criminal contempt are indistinguishable from ordinary criminal convictions, for their impact on the individual defendant is the same."

We, therefore, hold Watson had the right to appeal his conviction for criminal contempt, and this court has jurisdiction.

*C. Was Watson Guilty of Criminal Contempt?*

██ Article II, Section 15 of the New Mexico Constitution provides in part that "No person shall be compelled to testify against himself in a criminal proceeding, * * *"

Since 1880, § 20–1–10, N.M.S.A.1953 (Repl. Vol. 4) has been in existence. It provides:

Nothing herein contained shall render any person compellable to answer any question to criminate himself or to subject him to prosecution for any penalty or crime.

The only case in which this statute was mentioned is Apodaca v. Viramontes, 53 N.M. 514, 212 P.2d 425, 13 A.L.R.2d 1427 (1949). Here, the petitioners sought release by habeas corpus after being adjudged in contempt. Petitioners, during examination in the trial of one Sedillo, were asked questions, the answers to which would place them in the town of Las Cruces, the place of the offense charged in the indictment of Sedillo, at or near the date thereof. All refused to answer the question propounded on the ground it would tend to incriminate them. The district attorney, with the acquiescence and approval of the court, offered each witness immunity from prosecution. When the petitioners refused to answer questions, they were adjudged in contempt.

With reference to the above statute, the court said:

The effect of the quoted provisions is to give immunity to a witness against testifying to facts having a tendency to criminate or subject him to prosecution for any crime or imposition of a penalty. * * * If the district attorney and the district court were authorized to extend the immunity offered, there can be no question but that complete and absolute immunity is available to the witness.

The Supreme Court held that the district attorney and the district judge had no authority to grant immunity; that the petitioners had a constitutional privilege to remain silent, and the court discharged the petitioners.

By way of dictum, the court delved into the question of privilege on the witness stand in order to avoid a lid of secrecy as to all inquiry. But it made no effort to say just what questions may or may not be asked. The court said:

The question of privilege is primarily for the trial court but for reexamination by us whenever material so to do on the hearing before us.

However, in International Minerals & Chemical Corp. v. Local 177, United Stone and Allied Products Workers, 74 N.M. 195, 199, 392 P.2d 343 (1964), the court said:

The general rule is that an accused in a criminal contempt proceeding is presumed innocent until found guilty beyond a reasonable doubt by evidence introduced and a defendant in a criminal contempt proceeding cannot be compelled to testify against himself.

* * * * * *

It should be kept in mind that the authority or power of contempt should be used cautiously and sparingly.

In Territory v. Torres, 16 N.M. 615, 121 P. 27 (1911), the court held that to compel an accused, over his protest to testify before a grand jury to matters tending to incriminate himself, violated his constitutional rights.

Lucas was charged with burglary. Watson's presence at the scene of the burglary, which from the record before us appears to have included larceny could tend to incriminate him and subject him to prosecution for larceny. We, therefore, hold, (1) the district court could not properly require Watson to answer the two questions in the light of self-incrimination claim, and (2) Watson's refusal to answer did not constitute criminal contempt.

The conviction for criminal contempt is reversed and vacated, and Watson discharged.

The conviction and sentence of Watson for burglary is reversed, and Watson is

granted a new trial on the charge of burglary.

It is so ordered.

WOOD and HENDLEY, JJ., concur.