610 P.2d 756

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Linda CASTILLO, Defendant-Appellant.**

**No. 4125.**

Court of Appeals of New Mexico.

Jan. 29, 1980.

Rehearing Denied Feb. 8, 1980.

Writ of Certiorari Quashed April 24, 1980.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Public Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

This is an appeal from the revocation of defendant's probation and the reimposition of her suspended sentence.

In August of 1976, defendant pled guilty to having fraudulently used someone else's credit card, a violation of Section 30–16–33(A)(4), N.M.S.A.1978, a fourth degree felony. On October 14, 1976, she was sentenced to serve a term of 1 to 5 years; all but 60 days of this term was deferred and defendant was placed on probation, with conditions, until October 13, 1977. On June 16, 1977, the State moved to revoke probation for violation of the conditions. A hearing was held on July 22, 1977. Defendant admitted violating her conditions of probation and the court, at the suggestion of defendant's attorney, ordered defendant, as a further condition of probation, to serve 60 days in the county jail and then attend the Fitzsimmons House program at Las Vegas, Nevada. The court also extended her probation from 1 to 5 years. The defendant served the 60 days and went to Las Vegas. On November 9, 1977, the Court was informed by the director of the program that the defendant had left without permission. On December 7, 1977, the State moved to revoke defendant's probation for leaving the program without permission. On Feb-

ruary 15, 1979, an amended motion to revoke probation was filed listing various other violations of probation in addition to having left the program. At the hearing which was held on March 16, 1979, defendant admitted violating the conditions of her probation. The court revoked defendant's probation and she was ordered to serve the balance of her 1 to 5 year sentence giving her credit for 479 days. Defendant's motion for a rehearing was denied.

Before discussing defendant's sole point of error, there is a preliminary issue raised by the State which we must consider. That issue is whether this court has the jurisdiction to entertain this appeal.

The 1965 amendment of the N.M. Const., art. VI, § 2, provides that an aggrieved party shall have an absolute right to at least one appeal. An aggrieved party is one whose personal interests are adversely affected by an order of the court. *Pernell v. State*, 92 N.M. 490, 590 P.2d 638 (1979). We hold that defendant is an aggrieved party, and thus has the right to appeal under N.M.Const., art. VI, § 2.

We also hold that this court has jurisdiction to entertain defendant's appeal. Article VI, § 29 of the New Mexico Constitution provides:

The court of appeals shall have no original jurisdiction. It may be authorized by law to review directly decisions of administrative agencies of the state, and it may be authorized by rules of the supreme court to issue all writs necessary or appropriate in aid of its appellate jurisdiction. *In all other cases, it shall exercise appellate jurisdiction as may be provided by law.* [Emphasis added.]

Section 34–5–8, N.M.S.A.1978 provides:

The appellate jurisdiction of the court of appeals is coextensive with the state, and the court has jurisdiction to review on appeal:

A. any civil action which includes a count in which one or more of the parties seeks damages on an issue based on tort, including but not limited to products liability actions;

B. all actions under the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978], New Mexico Occupational Disease Disablement Law, the Subsequent Injury Act and the Federal Employer's Liability Act;

C. criminal actions except those in which a judgment of the district court imposes a sentence of death or life imprisonment;

D. *post conviction remedy proceedings except where the sentence involved is death or life imprisonment* ;

E. actions for violation of municipal or county ordinances where a fine or imprisonment is imposed;

F. decisions of those administrative agencies of the state where direct review by the court of appeals is provided by law; and

G. decisions in any other action as may be provided by law. [Emphasis added.]

The word "post" is defined as "after: subsequent: later: subsequent to: later than." Webster's Third New International Dictionary (Unabridged 1971). The word "conviction" is defined as: "In a general sense, the result of a criminal trial which ends in a judgment or sentence that the prisoner is guilty as charged." Black's Law Dictionary, revised 4th ed. The word "remedy" is a word of several meanings; however, the appropriate definition in this context is: "to give legal redress to: render justice to." Webster's Third New International Dictionary (Unabridged 1971).

*Borough of Jamesburg v. Hubbs*, 6 N.J. 578, 80 A.2d 100 (1951), citing to *Words and Phrases*, p. 83, states:

The term "proceeding" is a very comprehensive term, and, generally speaking, means a prescribed course of action for enforcing a legal right, and hence it necessarily embraces the requisite steps by which judicial action is invoked.

The language used in § 34–5–8(D), supra, is broad and comprehensive; aside from the two listed exceptions no other exceptions are expressed or implied. Nothing contained in Section 31–11–6, N.M.S.A.1978, of

the Criminal Procedure Act, entitled "Post-conviction remedy" or Rule 57, N.M.R. Crim.P. entitled "Post-conviction motions" dictate or even indicate a contrary conclusion.

■ Defendant's sole point of error is that the court could not validly extend her probationary period, and thus the subsequent revocation, as well as her reincarceration, were invalid. Defendant's point is well taken.

■ Once a court has issued a valid original judgment and imposed sentence on a defendant, it cannot enlarge the sentence by increasing the penalty at a later date. *State v. Soria*, 82 N.M. 509, 484 P.2d 351 (1971); *State v. Allen*, 82 N.M. 373, 482 P.2d 237 (1971); *State v. Baros*, 79 N.M. 623, 435 P.2d 1005 (1968).

■ The trial court also committed another error. The Supreme Court of Nebraska, in a similar situation stated the following:

> * * * We hold that in the absence of statute the court has no power to impose a period of imprisonment as a condition of probation.
>
> We also hold that where a sentence of imprisonment, imposed as a condition of probation, constitutes an authorized legal sentence for the crime for which the defendant stands convicted, and such sentence of imprisonment has been fully executed, the defendant is entitled to be discharged and may not be resentenced to a new term of imprisonment for that crime. *State v. Nuss*, 190 Neb. 755, 212 N.W.2d 565 (1973).

*See State v. Aragon*, 93 N.M. 132, 597 P.2d 317 (Ct.App.1979); *State v. Baros, supra.*

The authorized legal sentence for a fourth degree felony, at the time pertinent to this opinion, was imprisonment in the penitentiary for a term of not less than one year nor more than five years, or the payment of a fine of not more than five thousand dollars, or both such imprisonment and fine, in the discretion of the judge. A 60-day jail sentence, imposed as a condition of probation, constitutes an authorized legal

sentence for the crime for which defendant was convicted.

The order entered May 21, 1979, is reversed. The cause is remanded with instructions to discharge the defendant from the sentence imposed by that order.

IT IS SO ORDERED.

WALTERS, J., concurs.

ANDREWS, Judge (specially concurring).

I agree with the result reached in the opinion for the reason that the court lacked jurisdiction to extend defendant's probationary period. However, the question of the jurisdiction of the Court of Appeals to review probation revocation hearings is not as simple. The Supreme Court, in *State v. Mendoza*, 91 N.M. 688, 579 P.2d 1255 (1978), held that a "revocation hearing is *not* a *criminal proceeding* and the same procedural safeguards that attach to a criminal proceeding *do not always* apply to a revocation hearing." (Emphasis added.) If the hearing is not a continuation of the earlier criminal action as might be defined in Section 34–5–8(C), N.M.S.A.1978, it must be an action described in one or more of the other provisions granting jurisdiction to this Court. Art. VI, § 29, N.M.Const.; *see State v. Court of Appeals*, 78 N.M. 71, 428 P.2d 473 (1967); *State v. Watson*, 82 N.M. 769, 487 P.2d 197 (Ct.App.1971).

I do not believe this proceeding can be considered within the jurisdiction of the court under Section 34–5–8(D), "post-conviction remedy." Section 31–11–6, N.M.S. A.1978 relating to "post-conviction remedy" sets out the conditions under which a "prisoner in custody under sentence of a court" can seek relief from such sentence:

> A prisoner in custody under sentence of a court established by the laws of New Mexico claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of the United States, or of the Constitution or Laws of New Mexico, or that the court was without jurisdiction to impose such sentence was in excess of the maximum authorized by law, or is otherwise

subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Clearly, a probation revocation hearing is not included within this definition. Rather, Section 34–5–8(G), providing jurisdiction in the Court of Appeals "in any other action" appears to be the provision upon which appellate jurisdiction rests in a probation revocation hearing.

Where an order deferring a sentence is a final judgment for purposes of appeal, Section 31–20–10, N.M.S.A.1978, an order revoking a deferred sentence must also be appealable. *See Pernell v. State*, 92 N.M. 490, 590 P.2d 638 (1979); Art. VI, Sec. 2, N.M.Const. And, where defendant's original appeal was rightly in this court, Section 35–5–8(C), *supra*, this Court's exercise of jurisdiction over a matter closely related to that appeal is a final determination of jurisdiction. *State v. Lucero*, 81 N.M. 578, 469 P.2d 727 (Ct.App.1970); *see State v. Watson, supra*.