656 P.2d 911

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Gerard MARTINEZ, Defendant-Appellant.**

**No. 5875.**

Court of Appeals of New Mexico.

Dec. 22, 1982.

Martha A. Daly, Rothstein, Bailey, Bennett & Daly, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WALTERS, Chief Judge.

Defendant pled guilty to four counts of forgery and was sentenced, on September 5, 1980, to four concurrent sentences of 2-to-10 years' confinement. The trial court suspended the sentence and placed defendant on probation for five years. On July 6, 1981, following a finding against defendant that he had violated the terms of his probation, the trial court invoked the original 2-to-10 year sentence on Count I only, suspending all but four months and imposing no conditions of probation. In another paragraph of that order, the court provided that probation would continue on Counts II, III, and IV pursuant to the original sentence entered in 1980.

Approximately a year later defendant was again charged with and found guilty of violating probation conditions, and probation was revoked on Counts II, III and IV. Defendant was then ordered to be imprisoned for three concurrent periods of 2-to-10 years on those counts.

The issue presented is whether the sentencing scheme employed by the district court violated double jeopardy principles.

■ Concurrent sentences are sentences that operate simultaneously. *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (Ct.App. 1982). The State's argument that each 2-to-10 year sentence is separate and therefore may be ordered served one at a time overlooks the original valid 1980 sentence ordering that all four terms be served concurrently. The effect of the first revocation, which resulted in defendant serving four months on Count I only, and subsequent revocation on the other counts resulting in an order of imprisonment, was to

increase the original sentence. A period cannot be concurrent with a period that anteceded it. *Mayberry, supra.*

■ Three options are available to the sentencing court when a defendant violates the terms or conditions of his probation. It may (1) continue probation, (2) revoke probation and require the defendant to serve the balance of the previously imposed sentence, or (3) revoke probation and require the defendant to serve a sentence *less* than the balance of the previously imposed sentence. *State v. Reinhart,* 79 N.M. 36, 439 P.2d 554 (1968); § 31–21–15 B, N.M.S.A. 1978. Here, the court did not, upon first revoking probation, require defendant to serve the balance of the previously imposed sentence; it attempted, instead, to alter a previously imposed concurrent sentence to one that did not operate on all counts simultaneously.

■ The court's first order of revocation amounted to reinstatement of the original sentence that provided for one term of imprisonment on a concurrent basis for all four convictions. Because the original sentence operated as a single sentence, revocation of probation could not be directed toward one count only. When the trial judge revoked the first suspended sentence and sentenced defendant for violation of probation to the statutory term, and then suspended all but four months, he suspended all but four months on all counts, not merely on Count I. The execution of that sentence of imprisonment, which did not provide for continued probation, was completed when defendant served the four months of incarceration.

■ The attempt to separate the probation violations on a count-by-count basis is inconsistent with the philosophy of imposing concurrent sentences on separate counts. Additionally, the court was without authority to order incarceration on one count and leave the probation terms intact on the other three, when the time for modification of the concurrent sentence on all four convictions had long passed. *See* N.M. R.Crim.P. 57.1, N.M.S.A.1978 (1980 Repl. Pamph.). The continuation of probation on three counts was invalid.

We approved the rule, in *State v. Castillo,* 94 N.M. 352, 610 P.2d 756 (Ct.App.1980), that a sentence of imprisonment cannot be a condition of probation. We said, also, in that case, that "[o]nce a court has issued a valid original judgment and imposed sentence on a defendant, it cannot enlarge the sentence by increasing the penalty at a later date." *Id.* at 355, 759, 610 P.2d 756. The effect of applying revocation to one count only and reserving probation on the remaining three counts for possible imposition of full 2-to-10 year terms on any or all of those remaining counts upon future violations, was to change an original valid concurrent sentence into consecutive sentences. That effect, of course, creates an increase in penalty and violates the constitutional prohibition against double jeopardy. *State v. Allen,* 82 N.M. 373, 482 P.2d 237 (1971).

The court acted within its authority in revoking the original wholly suspended sentence and five years of probation at the 1981 hearing, and imposing four months' imprisonment. Continuation of the five years of probation, however, was tantamount to imposition of a sentence of imprisonment as a condition of probation, which *Castillo, supra,* held impermissible. When the sentence of four months' imprisonment was served by defendant, the sentence was fully executed. *Castillo, supra.* Just as in *Castillo, supra;* the subsequent revocation of probation and the sentence of reincarceration on the second violation, following service of the four-month term of imprisonment, was invalid.

The conviction and sentence for parole violation, and the July 13, 1982 order entered thereon are reversed; the cause is remanded with instructions to discharge defendant.

IT IS SO ORDERED.

LOPEZ and DONNELLY, JJ., concur.