This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                      **No. 34,596**

**NEIL GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean Jr., District Judge**

Hector H. Balderas, Attorney General
Laura E. Horton, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}     Defendant Neil Gonzales appeals from the district court's order continuing his

probation in two district court cases. On appeal, Defendant argues that (1) he is entitled to appeal the district court's finding that he violated his probation, and (2) the State's documentary evidence was insufficient to support the district court's finding of a probation violation. Because we conclude that Defendant's appeal is moot, we dismiss the appeal. As such, we do not reach the merits.

**BACKGROUND**

{2}     This appeal arises from two separate district court cases; however, the order from which Defendant appeals addressed both cases as one. In both cases, Defendant was serving a suspended sentence and was on supervised probation. In one of the cases, the probation was defined as "zero[-]tolerance" probation. In that same case, the State filed a first motion to revoke Defendant's probation. Defendant admitted to the violation, and the district court returned Defendant back to zero-tolerance probation. In that same case, the State filed a second motion to revoke probation, which it later withdrew when Defendant pled in the other case and was put on probation. Subsequently, in both cases and on the same date, the State filed another motion to revoke Defendant's probation for substance abuse in violation of his conditions of probation, which motions are the subject of the present appeal.

{3}     After a hearing on this violation, the district court entered the same order in both cases, noting that Defendant conditionally admitted to the violations, reserving

his right to appeal the district court's admission of the lab reports supporting the State's motions to revoke probation. He filed no such appeal. The district court found a violation, continued Defendant's probation in both cases, and entered its order on February 4, 2015. *See* NMSA 1978, § 31-21-15(B) (1989) (amended 2016) (stating that, if a probation violation is established, the court may, *inter alia*, continue the original probation). Defendant now appeals the admission of the test results that resulted in the finding that he violated probation as reflected in the February 4, 2015 order. Defendant subsequently violated probation in March 2015, and on March 9, 2015, his probation was revoked, and he was sent to jail.

**DISCUSSION**

{4} Pursuant to this Court's instructions, Defendant first addresses whether he is entitled to appeal the district court's finding that he violated his probation and the district court's resultant continuation of his probation. Defendant argues that he is an aggrieved party whose personal interests were adversely affected and that he is entitled to appeal because, although the probation was continued and not revoked, the district court still found a violation and placed Defendant on zero-tolerance probation. Defendant further contends that the district court's ruling adversely affected him and that he "used up his chance to remain on probation" because "the next time he violated his probation, the district court sentenced him to jail time." Although we agree that an

aggrieved party does have an absolute right to at least one appeal, *see State v. Castillo*, 1980-NMCA-020, ¶ 4, 94 N.M. 352, 610 P.2d 756 (stating that the New Mexico Constitution "provides that an aggrieved party shall have an absolute right to at least one appeal" and defines an aggrieved party as "one whose personal interests are adversely affected by an order of the court"), we disagree that Defendant is entitled to appeal the continuation of his probation in the present instance.

{5} "As a general rule, appellate courts should not decide moot cases. An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764 (citations omitted); *see also State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (stating that an appeal is moot when no relief can be granted to the appellant). We fail to see how Defendant could have been mistaken concerning the nature of probation or the district court's authority. In the present case, Defendant's "zero-tolerance" probation was continued twice without the imposition of any different or additional terms. Although the district court noted that the probation was to continue with "zero tolerance," Defendant was already serving zero-tolerance probation, and as stated above, no actual terms of probation were changed or added. Thus, even if we were to hold that the district court erred in finding a probation violation, there is no relief to be granted. As such, Defendant's appeal is moot. *See*

*Sergio B.*, 2002-NMCA-070, ¶ 9.

**{6}** Nonetheless, this Court can consider a moot appeal when the appellant suffers from collateral consequences as a result of the district court's ruling. *See id.* ¶ 10 (discussing instances in which appellate courts review moot appeals based on the presence of collateral consequences). Toward this end, Defendant essentially argues that the collateral consequence of the district court's finding of a probation violation on January 8, 2015, and continuing his probation is that Defendant "used up his chance to remain on probation" because "the next time he violated his probation, the district court sentenced him to jail time." However, Defendant provides nothing beyond speculation that the district court in fact revoked Defendant's probation due to the prior violation: "Perhaps if he had not had this violation, . . . he would not have been sent to jail." Each time Defendant was brought before the district court, the judge had full authority to revoke his probation. Defendant points us to no causal relationship upon which this claim rests. Defendant was already on zero-tolerance probation when his probation was continued in this instance on February 4, 2015; there were other prior violations that may have led to the district court's eventual revocation. Without facts in the record, we will not speculate on the district court's thoughts in finally sending Defendant to jail in March, on his third violation. Despite Defendant's confidence in the likelihood of a probation violation yet to come, future

events are beyond our purview. *State v. Fierro*, 2014-NMCA-004, ¶¶ 28-29, 315 P.3d 319 (concluding that, because the defendant failed to provide evidentiary support or argument regarding how he was prejudiced by a pre-indictment delay, his right to due process was not impaired).

{7}     Moreover, the purported collateral consequence of loss of perpetual continuation of probation no matter how many violations he might commit, that is asserted by Defendant is not the type of collateral consequence, "such as mandatory sentence increases for subsequent offenses, limitations on eligibility for certain types of employment, and voting restrictions[,]" generally required in order to defeat mootness. *See Sergio B.*, 2002-NMCA-070, ¶ 10; *see also State v. Baca*, No. 31,430, mem. op. at 3 (N.M. Ct. App. Feb. 26, 2013) (non-precedential) (noting that, when a defendant fails to prove collateral consequences for an otherwise moot appeal, the appeal remains moot). Any single violation at any time can trigger full discretion to revoke in the district court. As Defendant provides no authority indicating that a finding of a violation resulting in a *continuation* of probation constitutes the type of collateral consequences required to overcome a finding of mootness, we assume no such authority exists. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "absent cited authority to support an argument, we assume no such authority exists").

**{8}** Finally, we note that, although this Court "may review moot cases that present issues of substantial public interest or which are capable of repetition yet evad[ing] review[,]" *Gunaji v. Macias*, 2001-NMSC-028, ¶ 10, 130 N.M. 734, 31 P.3d 1008, Defendant does not argue that the issue raised on appeal is one of substantial public interest or one that is capable of repetition yet evading review. We decline to review an argument not raised. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (stating that appellate courts do not guess at what a party's arguments might be). Accordingly, we conclude that Defendant's appeal is moot and should be dismissed.

**CONCLUSION**

**{9}** For the foregoing reasons, we dismiss Defendant's appeal as moot.

**{10}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**