This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41604**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DOMINIC A. ARMIJO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Stephen P. Ochoa, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Van Snow, Deputy Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

{2}     Defendant appeals the district court's order continuing his probation. [RP 134] According to Defendant, he was denied due process when the district court failed to allow him to "confront and cross-examine the alleged victim" of a battery charge, which was the basis for the State's motion to revoke probation. [BIC 5; RP 82, 90] In response, the State asserts that Defendant's appeal is moot and that Defendant did not have a right to confront the victim of the alleged battery. [AB 2, 5] Defendant declined to file a reply brief in this case, and as such, has not responded to the State's assertion that this appeal is moot. [RB 1-2] We agree with the State and dismiss Defendant's appeal without considering whether the district court erred in continuing Defendant's probation.

{3}     The State moved to revoke Defendant's probation for having "violated the laws or ordinances of the State of New Mexico, or any jurisdiction and/or endangered the person or property of another." [RP 82] The district court held a hearing on the matter, after which it found that Defendant had "violated the terms of probation" but declined to revoke Defendant's probation; instead, the district court ordered that "[D]efendant's probation is continued." [RP 134; 10/2/2023 CD 9:47:00] In announcing its decision, the district court specifically stated, it was "not even going to revoke [Defendant's] probation." [10/2/2023 CD 9:47:00] Defendant asks that this Court "reverse his probation revocation." [BIC 1, 12]

{4}     The district court in this case explicitly declined to revoke Defendant's probation, and instead chose to continue Defendant's original probation. *See* NMSA 1978, § 31-21-15(B) (2016) (stating that, after a probation violation is established, the district court may continue the original probation or revoke the probation and order a new probation). The district court's order did not change or add to the terms of Defendant's probation. As such, Defendant in this case is not entitled to appeal the district court's order, being neither adversely affected by it, nor an aggrieved party as a result of it. *See State v. Castillo*, 1980-NMCA-020, ¶ 4, 94 N.M. 352, 610 P.2d 756 (stating that the New Mexico Constitution provides an aggrieved party with an absolute right to at least one appeal, and defining an aggrieved party as "one whose personal interests are adversely affected by an order of the court").

{5}     Moreover, even if we were to conclude Defendant is entitled to appeal the district court's continuation of his probation, we conclude that we need not reach the merits of Defendant's argument, as his appeal is moot. In general, this Court will not decide a moot appeal. *See State v. Sergio B.*, 2002-NMCA-070, ¶ 9, 132 N.M. 375, 48 P.3d 764. "An appeal is moot when no actual controversy exists, and an appellate ruling will not grant the appellant any actual relief." *Id.*; *see State v. Favela*, 2013-NMCA-102, ¶ 13, 311 P.3d 1213 (stating that an appeal is moot when no relief can be granted to the appellant). Having declined to file a reply brief, Defendant has not identified any argument or authority to suggest that this Court could afford him any actual relief. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174 (concluding that the appellant has conceded an argument that was raised in the appellee's answer brief but not addressed in the appellant's reply brief); *see generally State v. Coble*, 2023-NMCA-079, ¶ 16 n.7, 536 P.3d 519 (acknowledging that a

defendant's failure to dispute the state's argument in a reply brief may be treated as a concession).

**{6}** We acknowledge that this Court can consider a moot appeal when the appellant suffers from collateral consequences as a result of the district court's ruling, *see Sergio B.*, 2002-NMCA-070, ¶ 10 (identifying "continuing collateral consequences" warranting review of a moot appeal as "mandatory sentence increases for subsequent offenses, limitations on eligibility for . . . employment, and voting restrictions"), but Defendant has failed to identify any collateral consequences arising from the district court's order continuing Defendant's probation. *Cf. Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them."). In addition, Defendant has not provided any citations to authority to suggest that an order continuing probation leads to collateral consequences warranting consideration of an otherwise moot appeal. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "absent cited authority to support an argument, we assume no such authority exists"). Lastly, although this Court may review moot cases that present issues of substantial public interests or which are capable of repetition yet evade review, Defendant does not argue that the issue raised here qualifies for review under either of those standards. *See Delta Automatic Sys., Inc.*, 1999-NMCA-029, ¶ 31; *Coble*, 2023-NMCA-079, ¶ 16 n.7. Accordingly, we conclude that Defendant's appeal is moot.

**{7}** For the foregoing reasons, we affirm.

**{8}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**