This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42475

**JARROD LOWREY,**

Plaintiff-Appellant,

v.

**CITY OF RIO RANCHO CITY MANAGER MATT GEISEL, in his official capacity,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Erin B. O'Connell, District Court Judge**

Jarrod Lowrey
Rio Rancho, NM

Pro Se Appellant

Dixon•Scholl•Carrillo•P.A.
James C. Wilkey
Mark A. Metzgar
Rhys Llewellyn
Jeannie Hunt
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Plaintiff Jarrod Lowrey appeals from the district court's order dismissing his case without prejudice on the basis of improper venue. [RP 46-47] In this Court's notice of

proposed disposition, we proposed summary affirmance. Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}     In his memorandum in opposition, Plaintiff continues to request that this Court "grant an emergency writ against the above captioned [D]efendant." [MIO 1] Plaintiff wishes for a writ to issue "primarily due to the ongoing discrimination and public embarrassment of his child, and secondly to avoid further discrimination to the other 130 children who are being discriminated and publicly humiliated against by the Defendant." [MIO 1] This Court understands that Plaintiff's allegations arise from the manner in which the City of Rio Rancho organized and assigned players in its elementary school recreational basketball league.

{3}     Contrary to Plaintiff's assertions that this Court has "exercised its discretion to confer standing and reach the merits in cases where the traditional standing requirements were not met due to the public importance of the issues involved," this Court is not a court of general jurisdiction. [MIO 3] Rather, this Court is a court of limited jurisdiction. *See State ex rel. Townsend v. Ct. of Appeals*, 1967-NMSC-128, ¶ 7, 78 N.M. 71, 428 P.2d 473. Our Constitution states that the Court of Appeals has no original jurisdiction and exercises appellate jurisdiction as provided by law. N.M. Const. art. VI, § 29. *See also* NMSA 1978, § 34-5-8 (1983) (defining this Court's appellate jurisdiction). Accordingly, we are unable to provide Plaintiff with the relief he requests.

{4}     Further, as Plaintiff acknowledges, the district court did not rule on his "emergency writ of mandamus" on the merits, but instead dismissed the matter on the basis of improper venue. [RP 46-47, MIO 1] Therefore, only the district court's decision regarding venue is before this Court, and we conclude that the district court did not err in determining that Plaintiff filed his case in an improper venue. We clarify for Plaintiff that "[v]enue, in the technical meaning of the term, means the place where a case is to be tried, whereas jurisdiction does not refer to the place of trial, but to the power of the court to hear and determine the case." *Kalosha v. Novick*, 1973-NMSC-010, ¶ 13, 84 N.M. 502, 505 P.2d 845 (internal quotation marks and citation omitted). As we discussed in our calendar notice, pursuant to NMSA 1978, Section 38-3-1(A) (1988), Plaintiff's case should have been filed in Sandoval County, where Rio Rancho lies. [CN 3] As we also discussed in our proposed disposition, there is no suggestion in the record proper that Plaintiff was prohibited from filing this case in the Thirteenth Judicial District, where venue lies, even accounting for prior orders in a case involving Plaintiff where all of the judges of the Thirteenth Judicial District recused. [CN 3-4]

{5}     In his memorandum in opposition, Plaintiff does not engage with relevant New Mexico law as to venue. Plaintiff has not addressed this Court's proposed conclusion, nor has he asserted any facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice

must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Further, we note that this Court "will not review unclear arguments, or guess at what [a party's] arguments might be." *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076; *see also Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."). Thus, we cannot conclude there is any merit to Plaintiff's appeal, and we conclude that there was no error by the district court.

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court.

**{7}    IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**